[L. A. No. 3108.    Department One.—May 6, 1913.]

## ELMER E. FROST, Respondent, v. LOS ANGELES RAILWAY COMPANY, Appellant.

New Trial—Order Granting—Subsequent Modification of Order.— After an order granting a new trial is made, the trial court has no power to modify it, by adding conditions not therein expressed, except by proceedings taken under section 473 of the Code of Civil Procedure, or by a proceeding for an entry *nunc pro tunc.* It cannot then modify such order, or change its terms by a bill of exceptions.

Id.—Order Granting New Trial—Specific Exclusion of Insufficiency of Evidence as Ground for Order—Appeal.—Where a motion for a new trial is made upon several grounds, the evidence being in conflict, and the court, in *the order granting a new trial,* declares that it was refused so far as the ground of insufficiency of the evidence was concerned, the appellate court will not examine into the sufficiency of the evidence.

Id.—Order Granting New Trial in General Terms—Insufficiency of Evidence May Be Considered on Appeal.—Where an order granting a new trial was general in its terms, and the motion therefor was made on a settled bill of exceptions, on the grounds of the insufficiency of the evidence and errors of law occuring at the trial, the appellate court is not precluded from an examination into

the sufficiency of the evidence, notwithstanding a bill of exceptions settled after the order was made purported to exclude the insufficiency of the evidence as a ground for the order. Such subsequently settled bill of exceptions was not properly a part of the record on appeal from the order.

ID.—NEGLIGENCE—EVIDENCE—DISCRETION IN GRANTING NEW TRIAL.— In an action to recover damages for negligence, in which a verdict was rendered for the defendant, it is not an abuse of discretion for the court to grant a new trial, if the evidence of the defendant's negligence would have supported a verdict for the plaintiff, had such verdict been returned, and the evidence in support of the defense of contributory negligence was, at most, merely conflicting.

ID.—ELECTRIC STREET RAILWAY—CARE DUE TO PASSENGERS—ERRONEOUS INSTRUCTION.—In an action by a passenger for hire on a car of an electric street railway, to recover damages for personal injuries alleged to have resulted from the negligence of defendant's employees operating the car, an instruction which limits the care due from such employees to the passenger to the care and prudence which a reasonably prudent man, under the circumstances, would have exercised, is erroneous. Section 2100 of the Civil Code fixes the care due from them, under the circumstances, at "the utmost care and diligence."

ID.—ORDER GRANTING NEW TRIAL LIMITED TO PARTICULAR INSTRUCTION —APPELLATE COURT MAY EXAMINE ENTIRE RECORD—AFFIRMANCE FOR OTHER ERRORS.—If the giving of such instruction had been specified in the order granting the new trial as the only reason therefor, and the appellate court considered it correct, it would not be precluded from affirming the order, if there were other substantial errors of law appearing from the record.

ID.—PLAINTIFF AS WITNESS—STATEMENTS AGAINST INTEREST—ERRONEOUS INSTRUCTION TO PRESUME TRUTH OF STATEMENTS.—In such action it is error for the court to instruct the jury that all statements made by the plaintiff, as a witness in his own behalf, which were against his interest, they must conclusively presume to be true.

ID.—APPLIANCES FOR STOPPING CAR—NEGLIGENT ADJUSTMENT—INSTRUCTION ASSUMING ADEQUACY OF APPLIANCES.—Where the plaintiff was injured while preparing to alight from the car, and a negligent adjustment of the appliances for stopping the car was alleged as one of the causes for the injury, it was an invasion of the province of the jury to instruct them that there was no evidence tending to prove that such appliances were defective or improperly adjusted at the time of the injury, where there was evidence that after the car had slowed down somewhat, as if about to stop, it gave a sudden lurch forward, and that this might have been caused by the sudden turning on of the electricity, or by defects in the brakes.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.  Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, for Appellant.

Flint, Gray & Barker, for Respondent.

SHAW, J.—This is an appeal by the defendant from an order granting the plaintiff's motion for a new trial.

The cause of action stated was for damages from personal injuries to plaintiff, alleged to have been caused by the negligence of the defendant.  Plaintiff alleges that he was riding in a street-car operated by defendant along Ninth Street in Los Angeles, and that in preparing to alight from the car he fell or was thrown against the woodwork of the car and thence to the ground.  The cause of his fall was the matter in issue.  Plaintiff alleged that it was due to the carelessness of the persons operating the car and by the violent jerking of the car by said persons in operating it, that the car was running at a high and dangerous rate of speed; that the appliances for stopping and starting it were so negligently adjusted as to cause the jerk which threw him off his balance, that the defendant failed to provide the car with proper means for starting and stopping without a jerk, and that the speed of the car was forbidden by a certain city ordinance. The jury returned a verdict for the defendant.

The plaintiff's notice of intention to move for a new trial stated that it would be made on the ground of the insufficiency of the evidence and for errors of law occurring at the trial, and that it would be presented upon a bill of exceptions to be thereafter settled.  Said bill was subsequently settled and thereupon the motion was made.  The order granting it was as follows: "The plaintiff having moved the court for a new trial upon the grounds stated in his notice of intention now on file, and the court having considered the same, it is ordered by the court that the said motion for a new trial be granted."

Subsequently a "bill of exceptions to order granting motion for new trial" was proposed by the respondent and settled

by the court. This bill is printed in the transcript of the record. It recites that the new trial was granted because the court erred to the injury of plaintiff in giving to the jury defendant's instruction No. 12, and without considering any of the other errors of law assigned, that it was not granted because of insufficiency of the evidence, and that the court considered the evidence sufficient to support the verdict for the defendant. The defendant's object in procuring this bill of exceptions evidently was to prevent a review of the evidence on this appeal. The recital, if it could have any effect at all in that respect, would constitute a modification of the order granting the new trial, by adding conditions not therein expressed. After such an order is made, the court below has no power to change it, except by proceedings taken under section 473 of the Code of Civil Procedure, or by a proceeding for an entry *nunc pro tunc.* A subsequently settled bill of exceptions is not a part of the authorized record on appeal from an order granting or refusing a new trial, except when the motion was made on the minutes of the court, or where the new trial was ordered by the court of its own motion. In cases not within the exceptions noted, the record on appeal consists of copies of the notice of appeal, the judgment-roll and the bill of exceptions, statement, and affidavits used on the hearing of the motion. (Code Civ. Proc., secs. 952, 661, 662.) This list does not include a bill of exceptions settled afterward. This motion was not made on the minutes of the court nor by the court on its own motion. Where, in addition to the settled bill or statement, other exhibits or affidavits are used on the hearing of a motion for a new trial, such other documents must be authenticated by a bill of exceptions subsequently settled, under our rule XXIX, [160 Cal. lvi, 119 Pac. xiv]. (*Melde* v. *Reynolds,* 120 Cal. 237, [52 Pac. 491].) But there is no authority for the use of a bill of exceptions as a method of modifying or changing a previous order.

It is familiar law that where the motion is made upon several grounds, the evidence being in conflict, and the court, *in the order granting a new trial,* declares that it was refused so far as the ground of insufficiency of the evidence was concerned, the appellate court will not examine into the sufficiency of the evidence. In the leading case of *Kauffman* v.

*Maier,* 94 Cal. 276, [29 Pac. 482], the court stated the general rule upon an appeal from such an order to be that "this court will review the entire record upon which the order was based, and if there be found any errors in the record which would have justified the court in making the order, the order will be affirmed, upon the same principles that an order sustaining a demurrer to a defective complaint will be sustained, even though the ground upon which the trial court sustained it may be held untenable." The exception to this rule was said to be the case where the evidence is conflicting and one of the grounds of the motion is insufficiency of the evidence to justify the verdict and "the trial court, *in its order granting a new trial, excludes this as a ground of its action by direct language.*" In such a case, it was said, this court will not re-examine the evidence. In *Newman* v. *Overland etc. Co.,* 132 Cal. 74, [64 Pac. 111], the court said: "The order which is entered in the minutes is the only record of the court's action, and is to be measured by its terms, and not by the reasons which the court may give for it" in a contemporaneous opinion which in some way became inserted in the transcript, and that if the court intended to limit the order, "it should have expressed its intention in its order." (See, also, *Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 621, [75 Pac. 332]; *Weisser* v. *Southern Pacific Ry. Co.,* 148 Cal. 428, [7 Ann. Cas. 636, 83 Pac. 439]; *Morgan v. Robinson Co.,* 157 Cal. 352, [107 Pac. 695].)

It is argued by appellant that the entry in the minutes is made by the clerk and that the bill of exceptions, being authenticated by the judge himself, is better evidence than the entry. It is true that the clerk writes the minute order. But he does not control its language or effect. The judge may and should see that the order made is correctly entered and it is presumed that he has done so. Either party has the right to suggest forms of order for consideration by the court and to have the court direct the clerk to enter the order in the form adopted. If, by mistake, the order is not entered as made, the remedy is by correction of the minutes, or by an entry, *nunc pro tunc,* of the order truly as it was made, and not by causing an independent record or statement to be made concerning its terms in a bill of exceptions.

We have deemed it advisable, in view of the novel practice here attempted and the argument in support of it, to state what we conceive to be the law on the subject. We are of the opinion that the bill of exceptions afterward settled is not properly a part of the record on this appeal, that it cannot be considered as evidence of the action of the trial court, and that we are not excused from an examination into the sufficiency of the evidence. We find that the evidence of defendant's negligence would have supported a verdict for plaintiff, had such verdict been returned. As to the defense of contributory negligence the evidence is, at most, merely conflicting, and we cannot say that the court below abused its discretion, if it granted the new trial because of the insufficiency of the evidence to establish it. We cannot reverse the order for this cause unless there is an abuse of discretion by the trial court in making it. (*In re Martin,* 113 Cal. 479, [45 Pac. 813]; *Domico* v. *Cavassa,* 101 Cal. 413, [35 Pac. 1024]; *Newman* v. *Overland etc. Co.,* 132 Cal. 74, [64 Pac. 111].)

There were also errors of law of sufficient importance to justify the order. Instruction No. 12, given at the request of the defendant, after stating that the complaint did not aver that the conductor or motorman was incompetent or inexperienced, and that there was no proof to that effect, proceeded as follows: "The only question for you to consider with reference to them is whether on the occasion of this accident they acted with the care and prudence which a reasonably prudent man, under the circumstances, would have exercised." The defendant was a carrier of passengers and the plaintiff, when injured, was a passenger for hire, on its car. The care due to him from the conductor and motorman, for his safe carriage, was "the utmost care and diligence" (Civ. Code, sec. 2100), not merely that of a reasonably prudent man, under the particular circumstances shown. The instruction was, to that extent, erroneous. It is proper to say, however, that, in subsequent charges, the jury was elaborately and correctly instructed as to the degree of care imposed by law upon the defendant and its employees. It is not necessary to declare that this error, of itself, was sufficient to require a new trial, or that it would have been sufficiently important to have demanded a reversal, if the new trial had been denied and plaintiff had appealed.

Even if this instruction had been specified in the order as the only reason for granting a new trial, and we considered it correct, we would not be precluded from affirming the order if there were other substantial errors of law appearing from the record. (*Kauffman* v. *Maier,* 94 Cal. 276, [29 Pac. 482].)

Instruction 8, given at request of defendant, is as follows:

"The plaintiff was a witness in his own behalf. All statements made by him in his favor, if any, are to be given such weight as you may believe them entitled to. All statements made by him which are against his interest, if any, you must conclusively presume to be true."

This was clearly wrong. A party who testifies in his own behalf does not do so at the peril of having every slip of his tongue taken as conclusively true, if his inadvertently used words causes him to appear to have made a statement which is not true, but is against his own interest in the case. It is the province of the jury to observe the witness, note his manner of speech, and consider his testimony as a whole in connection with the other evidence, and it is for it to determine therefrom whether he stated the facts as he intended and understood them to be, or whether he unintentionally used words not expressing his real meaning in any particular utterances he may have made.

Instructions 15 and 16 informed the jury that there was no evidence tending to prove that the appliances with which to stop and start the car on which plaintiff was riding were defective, or were improperly adjusted, or were wanting, at the time of the injury. There was evidence that after the car had slowed down somewhat, as if about to stop, it gave a sudden lurch forward, and that this might have been caused by the sudden turning on of the electricity, or by defects in the brakes. The instructions appear to be an invasion of the province of the jury. Instructions 17, 18, and 19 are not wholly free from fault as instructions upon facts, but they are not important and we presume they will not again be given in the same form. We do not deem it necessary to state their contents.

The order is affirmed.

Sloss, J., and Angellotti, J., concurred.