[Civ. No. 6463.   Fourth Dist.   Oct. 4, 1960.]

In re CRAIG EDWARD MALLOY, a Minor, etc., et al., for a Change of Name. ROBERT JOSEPH MALLOY, Respondent, v. WANDA SHANNON, Appellant.

*Assigned by Chairman of Judicial Council.

Harelson, Enright, von Kalinowski & Levitt and Jack R. Levitt for Appellant.

Tom Sherrard for Respondent.

GRIFFIN, P. J.—On September 1, 1959, Wanda Shannon, natural mother, filed a petition for change of name of Craig Malloy and Robert Malloy, minors, to the surname of Shannon, the name of their stepfather. The petition stated that the natural father, Robert Joseph Malloy, resided in Los Angeles at the time. Due publication was had of an order to show cause issued on September 4, 1959, regarding change of name to be heard on October 8, 1959, in the specified court. There being no appearance and no objections filed, on October 8, 1959, the court found that section 1277, Code of Civil Procedure, in reference to notice, had been complied with and signed the decree changing the names. On December 9, 1959, the natural father filed a declaration in support of a motion under section 473, Code of Civil Procedure, to set aside the decree, alleging he was not advised of Wanda Shannon's intent to change the names of his minor children; that she concealed this fact from him, well knowing he would appear and resist such proposed change; that he supported said children and visited them regularly and complied with all orders of the court growing out of the divorce action between their mother

and father; that appellant knew declarant's specific address all of the time; that he believes the change of name is not for the best interests of the minor children; and that the mother falsely and fraudulently declared that the minor children desired to assume the surname of Shannon. A hearing was had before another judge and on February 4, 1960, an order was made setting the decree changing the name aside, without prejudice.

The pivotal question presented is: Has the court power to relieve a party from a decree changing names under section 473, Code of Civil Procedure, under the circumstances related? ▆▆ Section 1277, Code of Civil Procedure, prescribes the only required notice necessary in connection with an application for change of name and does not require direct notice to a natural parent whose minor children's name is sought to be changed. Section 1276, Code of Civil Procedure, provides that the application must be made:

". . . by petition, signed by such person; or if such person is under 21 years of age, if a male, and under the age of 18 years of age, if a female, by one of the parents, if living. . . . The petition must specify the place of birth [etc.] . . . and must, if the father of such person be not living, name, as far as known to the petitioner, the near relatives of such person, and their place of residence."

▆▆ Section 1277, *supra,* recites that the order to show cause shall direct that all parties interested appear and show cause why the application should not be granted. A copy must be duly published as provided therein.

Appellant argues that there is no requirement in these sections that the natural father be directly notified; that since the trial court found that petitioner had duly complied with section 1277 as to notice and that the decree should be granted, the court is without jurisdiction to set it aside merely because the father did not have actual notice of the hearing. No cases in point are cited by appellant and the respondent cited none at the hearing. On this appeal respondent cites *In re Larson,* 81 Cal.App.2d 258 [183 P.2d 688], under somewhat similar circumstances. There relief was granted under the Soldiers and Sailors Civil Relief Act. The case does not discuss section 473, Code of Civil Procedure, but it is authority for a holding that the father, in a change of name proceeding, is an "interested party," having the status of a defendant.

Section 473, *supra,* has been applied to probate orders and decrees, decrees of divorce and adoptions. (29 Cal.Jur.2d 27,

138

§ 113.) ██ Appellate courts are disposed to affirm an order vacating a judgment if the results are to compel a trial on the merits and it is shown that the failure to appear was due to mistake, inadvertence, surprise or excusable neglect to take procedural steps at the precise time designated and within the prescribed time set forth in section 473, *supra*. (*Stephens* v. *Baker & Baker Roofing Co.*, 130 Cal.App.2d 765 [280 P.2d 39].) ██ A motion to set aside a decree or judgment under section 473, *supra*, designating fraud as the ground for relief, does not deprive the court of its inherent jurisdiction to set it aside on that ground in such a proceeding. (*Kronman* v. *Kronman*, 129 Cal.App. 10 [18 P.2d 712].) ██ We are convinced that the trial court was authorized to set aside the decree within the six months' period under the conditions above stated.

Order affirmed.

Shepard, J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1960. Peters, J., was of the opinion that the petition should be granted.