[Civ. No. 23268.   First Dist., Div. Three.   Nov. 24, 1967.]

OREN W. POLLOCK, Plaintiff and Appellant, v. STAND-
ARD OIL COMPANY OF CALIFORNIA, Defendant
and Respondent.

Nichols, Williams, Morgan & Digardi and Cyril Viadro for Plaintiff and Appellant.

Joseph T. Richards for Defendant and Respondent.

DRAPER, P. J.—Can a court, after denying motion for new trial but within the period allowed for passing upon that motion, vacate the denial on a motion under *Code of Civil Procedure, section 473?* That is our question.

Although distracting, chronology seems required. In this action for personal injuries, the jury returned a verdict for plaintiff by 9 to 3 vote, with juror Burns voting with the majority. Judgment was entered June 10, 1965, and notice of entry was served on defendant June 11. Defendant's notice of intention to move for new trial was served and filed June 21. Irregularity in proceedings of the jury was a stated ground, but no affidavit supporting it was filed. Motion for new trial was denied July 9. On July 12, juror Burns telephoned the trial judge and said that she had, on her *voir dire* examination, concealed a bias for the plaintiff. The judge met with both counsel the next day, and advised them of Mrs. Burns' communication to him. On July 21 defendant filed and served a motion under *section 473* to vacate the order denying new trial. Affidavits detailing due diligence were filed. The motion also was accompanied by affidavits of defense counsel and an investigator that they had interviewed Mrs. Burns July 13, and that she had said to them that at the time of *voir dire* she had concealed a bias in favor of the plaintiff which stemmed from the fact of a comparable injury some years ago to her

father, with whom she tended to identify plaintiff herein. They also averred that Mrs. Burns had been hospitalized, and therefore was unavailable to execute her own affidavit. On July 30, a supporting declaration by Mrs. Burns, who had left the hospital that day, was filed. The motion was heard August 9. The next day the court granted the motion to vacate the order denying new trial and to vacate the judgment. Plaintiff appeals.

██ The rule is clear that a juror's intentional concealment, on *voir dire* of a state of mind which would prevent his acting impartially constitutes irregularity for which a new trial may be granted under subdivisions 1 and 2 of the statute (Code Civ. Proc., § 657) authorizing the grant of such trial (*Williams* v. *Bridges,* 140 Cal.App. 537 [35 P.2d 407]; see also *Kollert* v. *Cundiff,* 50 Cal.2d 768, 772 [329 P.2d 897]; *Kraus* v. *Walt Disney Productions, Inc.,* 221 Cal.App.2d 736, 740 [34 Cal.Rptr. 702]; *Crespo* v. *Cook,* 168 Cal.App.2d 360, 361 [336 P.2d 31]). These decisions also establish an exception to the general rule, in addition to that provided by subdivision 2 of section 657, by permitting affidavits of jurors to be used to impeach their verdict.

Plaintiff argues that grant or denial of a motion for new trial exhausts the jurisdiction of the trial court, and precludes modification or vacation of the order by it. But the authority cited for this proposition (*Hunydee* v. *Superior Court,* 198 Cal.App.2d 430 [17 Cal.Rptr. 856]) does not sustain it. The opinion does contain (p. 433) the statement relied upon by appellant. But this is by no means the holding. *Hunydee* holds merely that judicial error is correctible only by procedure established by law. There the order vacating was made by the court on its own motion, obviously to correct a mistake of law expressed by the court when it granted the new trial on the preceding day. Like similar statements contained in the cases it cites, the language of *Hunydee* on which appellant relies is but dictum.

In none of these cases was the motion to vacate made under section 473. Although we find no direct holding that an order granting or denying new trial may be vacated on such a motion, statements to this effect have been made by our Supreme Court (*Frost* v. *Los Angeles Ry. Co.,* 165 Cal. 365, 368 [132 P. 442]; see *Drinkhouse* v. *Van Ness,* 202 Cal. 359, 369 [260 P. 869]). In view of the liberal interpretation to be given to section 473 (see *Dingwall* v. *Vangas, Inc.,* 218 Cal. App.2d 108 [32 Cal.Rptr. 351], and cases there cited), we

prefer to follow the suggestion of *Frost* and *Drinkhouse*, rather than the more restrictive *Hunydee* dictum.

Plaintiff contends that the affidavits of attorney and investigator filed July 21 cannot be considered, because filed too late. ■ Although declarations supporting motion for new trial must be filed within 10 days after service of the notice of intention, the court may extend that time for not to exceed 20 days (Code Civ. Proc., § 659a), and the court can relieve from default to the same extent it could have granted extension in advance (*Boynton* v. *McKales*, 139 Cal.App.2d 777, 782 [294 P.2d 733]). The clear import of the court's actions here was to grant such relief and permit filing on the 30th day.

■ We do not remotely suggest any general rule that affidavits on a motion for new trial may be filed routinely after the motion has been ruled upon. But the remarkable combination of circumstances here does warrant such relief. A juror, whose vote was crucial to the verdict, voluntarily revealed her previously concealed bias, without suggestion or prodding of any sort, only after the order denying new trial.

Plaintiff properly contends that the declaration of the juror herself cannot be considered, because it was filed 39 days after the notice of intention to move for new trial.

As to the affidavits of counsel and investigator filed on the 30th day, plaintiff argues that they are but hearsay. This is true of their averments that Mrs. Burns had agreed to sign a supporting declaration. ■ But evidence of a juror's statements of his bias are usually the only means of proving that frame of mind. They are admissible, even though not made in court or to other jurors (*People* v. *Galloway*, 202 Cal. 81 [259 P. 332]).

■ Defendant's affidavits adequately establish ignorance of the juror's true frame of mind, due diligence and impossibility of discovering the facts before the juror voluntarily disclosed them to the judge.

■ Relief under section 473 is not limited to vacating default resulting from delay in filing pleadings, but extends to delay in other procedural steps (*Lane* v. *Pacific Greyhound Lines,* 30 Cal.2d 914, 916 [187 P.2d 9] ; 3 Witkin, Cal. Procedure (1954), p. 2099). ■ In view of the broad scope to be given to this remedial code section (*Harth* v. *Ten Eyck,* 16 Cal.2d 829 [108 P.2d 675] ; *Ramsey Trucking Co.* v. *Mitchell,* 188 Cal.App.2d Supp. 862, 865 [11 Cal.Rptr. 283] ; *In re Malloy,* 185 Cal.App.2d 135 [8 Cal.Rptr. 143] ; 3 Witkin, Cal. Procedure (1954) 2098), we hold such relief to be available against

an order denying new trial under the peculiar circumstances of this case.

We need not consider plaintiff's attack, at oral argument, upon the credibility of the juror, or upon the adequacy of her revelations to disclose bias. ▮ The trial court, on a motion under section 473, has a broad discretion (*Dingwall* v. *Vangas, Inc., supra,* 218 Cal.App.2d 108). Orders granting relief under the section are reversed only when it clearly appears that there has been an abuse of discretion (*Reed* v. *Williamson,* 185 Cal.App.2d 244, 248-249 [8 Cal.Rptr. 39]). We find no abuse of discretion here.

We emphasize that this decision allows only an extremely limited scope for operation of section 473 upon an order granting or denying new trial. The jurisdictional time for determining a motion for new trial (Code Civ. Proc., § 660) obviously is not extended by the general provisions of section 473. The effect of the order vacating the order denying new trial and the judgment is, of course, to require a new trial of the case. On the facts here presented, and in light of the weight to be given the trial court's ruling upon such matters, we deem the order fully justified.

Order affirmed.

Salsman, J., and Brown, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1968.