[No. B059586. Second Dist., Div. Seven. Sept. 9, 1992.]

ROSE ANN BURNS, Plaintiff and Appellant, v.
20TH CENTURY INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

James L. Craig and Ronald P. Kaplan for Plaintiff and Appellant.

Demler, Armstrong & Rowland, John R. Brydon, Horvitz & Levy, David S. Ettinger and Douglas G. Benedon for Defendant and Respondent.

**OPINION**

**WOODS (Fred), J.—**

### I.

### INTRODUCTION

Plaintiff and appellant, Rose Ann Burns (Burns), sued her insurance company, defendant and respondent 20th Century Insurance Company (20th Century), for bad faith, alleging 20th Century unreasonably delayed paying her uninsured motorist claim. Following a four-week trial, the jury returned a verdict in favor of 20th Century.

Burns does not raise a substantial evidence issue on appeal. Her appeal centers around three purported errors committed by the trial court.

*First,* Burns contends the trial court abused its discretion in denying her new trial motion based on juror misconduct. In support of her motion for new trial, Burns submitted two declarations from her attorney's investigator which purported to recount conversations the investigator had with two jurors regarding their deliberations. No juror declarations were submitted in support of the new trial motion.

*Second,* Burns contends the trial court abused its discretion by denying her motion for a blanket exclusion from the jury panel of all jurors insured by

20th Century. The motion was made by Burns without having exhausted her peremptory challenges at trial.

*Third,* Burns contends the trial court did not make a sufficient record when it exercised its discretion under Evidence Code section 352 in excluding evidence which allegedly showed 20th Century discriminated against Jewish claimants or claimants with Jewish attorneys.[1]

We find no merit in any of Burns's contentions.

## II.

### FACTUAL AND PROCEDURAL SYNOPSIS

Burns brought an action, alleging causes of action for breach of the implied covenant of good faith and fair dealing, fraud, breach of fiduciary duties, breach of contract, and intentional and negligent infliction of emotional distress in connection with 20th Century's handling of her uninsured motorist claim. Only the cause of action for breach of the covenant of good faith and fair dealing was submitted to the jury.[2] Both compensatory and punitive damages issues were presented to the jury for resolution.

The jury returned a verdict in favor of 20th Century, finding 20th Century did not breach the implied covenant of good faith and fair dealing in its handling of Burns's uninsured motorist claim. Burns moved for a new trial solely on the basis of alleged juror misconduct. In support of the motion, Burns submitted two declarations from her attorney's investigator purporting to recount his conversations with two jurors following the verdict. The first declaration reads, in relevant part:

"I, ROBERT TOWNSEND, declare and say:

"That I am employed by the Law Offices of Sanford M. Gage as their Chief Investigator.

" . . . . . . . . . . . . . . . . . . . . . . . . . . .

"I informed [Juror Steven Lott] that I had been advised that a substantial number of the jury panel had been insured by 20th Century Insurance

---

[1] Burns abandoned her fourth contention on appeal that the trial judge erroneously granted a defense motion to strike her claim for punitive damages.

[2] 20th Century's demurrer to the emotional distress cause of action was granted without leave to amend. 20th Century was granted judgment on the pleadings on the cause of action for breach of fiduciary duties. The trial court granted 20th Century's motion for nonsuit on Burns's cause of action for breach of contract and directed a verdict in favor of 20th Century on Burns's cause of action for fraud. Burns does not challenge any of these rulings on appeal.

Company, and inquired whether or not that was discussed or entered into the discussions of the jury in any way. He informed me that he was one of the jurors who was insured by 20th Century Insurance Company, and stated that shortly after retiring to the Jury Room, he openly stated to the jurors that he had been insured with 20th Century Insurance Company for sometime and had never received treatment such as that described in the plaintiff's case."

In relevant part, the second declaration reads:

"I informed [Juror Stephanie Hemberg] that I had been advised that a substantial number of the jury panel had been insured by 20th Century Insurance Company, and inquired whether or not that was discussed or entered into the discussions of the jury in any way. She informed me that she was one of the jurors who was insured by 20th Century Insurance Company, and stated that shortly after retiring to the Jury Room, she openly stated to all of the jurors that she had been insured with 20th Century Insurance Company for sometime and had never received treatment such as that described in the plaintiff's case."

The motion was denied and this appeal followed.

### III.

### DISCUSSION

A. *The Hearsay Declarations of the Investigator for Burns's Attorney Do Not, and Cannot, Establish Juror Misconduct.*

*The declarations contain inadmissible hearsay.*

Evidence Code section 1150, subdivision (a) provides, in relevant part: "Upon an inquiry as to the validity of a verdict, *any otherwise admissible evidence* may be received as to statements made, or conduct, conditions, or events occurring, either within or without the jury room, of such a character as is likely to have influenced the verdict improperly." (Italics added.) In relevant part, Evidence Code section 1200 provides: "Except as provided by law, hearsay evidence is inadmissible."

■ The *only* evidence Burns submitted in support of her new trial motion consisted of two declarations from her attorney's investigator concerning purported statements and thoughts of two jurors during their deliberations. The declarations are inadmissible hearsay. As explained by the California Supreme Court under identical circumstances, "[t]he sole evidence of the alleged misconduct was the declaration of a defense investigator that purports to relate a conversation with the juror. It is settled, however,

that 'a jury verdict may not be impeached by hearsay affidavits.'" (*People* v. *Williams* (1988) 45 Cal.3d 1268, 1318 [248 Cal.Rptr. 834, 756 P.2d 221].)

Similarly, in *People* v. *Cox* (1991) 53 Cal.3d 618 [280 Cal.Rptr. 692, 809 P.2d 351], the defendant submitted the unsworn statement of a juror and the affidavit of a defense investigator recounting the juror's statement to him. After stating the affidavit was inadmissible hearsay, the court concluded, "[t]he record thus contains no competent evidence the jury considered matters not introduced at defendant's trial; the court thus properly denied the motion [for new trial] for lack of evidentiary support." (*Id.*, at p. 697; see also *People* v. *Manson* (1976) 61 Cal.App.3d 102, 216 [132 Cal.Rptr. 265] [purported statements of a juror set forth in counsel's declaration "are nothing more nor less than hearsay or double hearsay and are incompetent and insufficient to impeach the verdict"]; *People* v. *Villagren* (1980) 106 Cal.App.3d 720, 729-730 [165 Cal.Rptr. 470] [declaration of defense counsel concerning conversation with juror "contained hearsay thrice and twice removed"]; *People* v. *Spelio* (1970) 6 Cal.App.3d 685, 689-690 [86 Cal.Rptr. 113] [affidavits by appellant's attorney, appellant, appellant's stepmother, and the codefendant alleging conversations with a juror after the trial; "[w]e are of the opinion that section 1150 of the Evidence Code should not be expanded to require action on the basis of hearsay twice and thrice removed, even though it is reiterated four-fold in four separate affidavits"].)

Burns relies on *Pollock* v. *Standard Oil Co.* (1967) 256 Cal.App.2d 307 [64 Cal.Rptr. 66] as authority for the proposition that the declarations of the investigator for her attorney are admissible to show juror bias. Burns's reliance is misplaced. In *Pollock*, following denial of the defendant's motion for new trial, one of the jurors telephoned the trial judge and told him she had concealed on voir dire a bias in favor of the plaintiff. The trial judge informed both counsel of this communication. Immediately thereafter, the defendant filed a motion to vacate the order denying the motion for new trial pursuant to Code of Civil Procedure section 473. The motion was accompanied by affidavits from defense counsel and an investigator that they had spoken with the juror and that she told them that at the time of voir dire she had concealed a bias in favor of the plaintiff. Shortly thereafter, the defendant submitted the sworn declaration of the juror which was not considered because of untimely presentation. (256 Cal.App.2d at pp. 308-309.)

The Court of Appeal affirmed the trial court's order vacating the order denying a new trial and vacating the judgment, finding "the remarkable combination of circumstances here does warrant such relief. A juror, whose vote was crucial to the verdict, voluntarily revealed her previously concealed

bias, without suggestion or prodding of any sort, only after the order denying new trial." (256 Cal.App.2d at p. 310.) Under these circumstances, the affidavits of the attorney and the investigator setting forth overt statements of bias made directly to them were admissible. (*Ibid.*; see also *Deward* v. *Clough* (1966) 245 Cal.App.2d 439, 443 [54 Cal.Rptr. 68] [error to deny new trial motion; declaration of plaintiff's mother stated she had heard juror state prior to deliberations: " ' "I don't see why they don't open up the jury room now. We could bring in a verdict already." ' "].)

Here, in contrast to *Pollock* and *Deward*, the declarations of the investigator for Burns's attorney do not purport to establish misconduct on the basis of overt confessions of bias made directly to the investigator or the trial court "without suggestion or prodding," but on the basis of innocuous discussions which purportedly took place in the jury room and which *the investigator did not hear.* The declarations are therefore inadmissible hearsay. To the extent *Pollock* can be read to suggest a different result, it conflicts with subsequent California Supreme Court authority and for this court to acquiese in such a suggestion would be improper. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) We note that *Pollock*, decided in the context of a motion for relief under Code of Civil Procedure section 473, makes no reference to Evidence Code section 1150. Further, our research has not located any published appellate opinion citing *Pollock* for the position Burns asserts.

In sum, the record contains no admissible evidence to substantiate Burns's contentions of juror misconduct. The trial court did not abuse its discretion in denying Burns's new trial motion. (*People* v. *Williams, supra,* 45 Cal.3d at p. 1318 [" 'The determination of a motion for a new trial rests so completely within the court's discretion that its action will not be disturbed unless a manifest and unmistakeable abuse of discretion clearly appears.' "].)

Having concluded that the declarations under scrutiny contain inadmissible hearsay, we do not reach the question of whether the declarations on their face demonstrate jury misconduct.

**B.** *The Trial Court Did Not Abuse Its Discretion in Denying Burns's Motion for a Blanket Exclusion of All 20th Century Insureds From the Jury Panel.*

*Failure of Burns to use all of her peremptory challenges, precludes a viable argument that the trial court erred in denying her challenge for cause.*

█ "It has long been the rule in California that exhaustion of peremptory challenges is a 'condition precedent' to an appeal based on the composition

of a jury. [Citation.] Particularly when a party announces 'at the conclusion of the examination of prospective jurors that he was satisfied with the jury and did not wish to exhaust his peremptory challenges . . . he is in no position to claim that it was impossible for him to secure a fair trial by an unbiased jury.' " (*Kimbley* v. *Kaiser Foundation Hospitals* (1985) 164 Cal.App.3d 1166, 1169 [211 Cal.Rptr. 148]; in accord, *People* v. *Coleman* (1988) 46 Cal.3d 749, 770 [251 Cal.Rptr. 83, 759 P.2d 1260] ["The California courts hold that the defendant must exercise his peremptory challenges to remove prospective jurors who should have been excluded for cause, and that to complain on appeal of the composition of the jury, the defendant must have exhausted those challenges."]; *People* v. *Kelly* (1990) 51 Cal.3d 931, 960 [275 Cal.Rptr. 160, 800 P.2d 516] ["To complain on appeal that a prospective juror should have been excused for cause, the defendant must have exercised and exhausted his peremptory challenges."].)

Counsel for Burns did *not* exhaust his peremptory challenges. Each side was given six peremptory challenges. (Code Civ. Proc., § 231, subd. (c) ["In civil cases, each party shall be entitled to six peremptory challenges."].) Counsel for Burns only used five. After his fifth, he prematurely sought to use a peremptory challenge on a prospective *alternate* juror, a Mr. McDowell, but when alerted to his error by the trial court, Burns's counsel stated he accepted the jury as presently constituted, without exercising his final challenge. Each side was given two additional peremptory challenges for the alternate jurors and Burns's counsel *then* used one of these peremptory challenges to remove Mr. McDowell.

Burns thus is precluded from a viable argument on appeal that all 20th Century insureds should have been excused for cause. Having concluded that Burns's failure to exhaust her peremptory challenges precludes a viable argument on appeal challenging the composition of the jury based on cause, we do not reach the issue of whether the court erred in not excluding "all" insureds of 20th Century.

C. *The Record Demonstrated That the Trial Court Properly Exercised Its Discretion Under Evidence Code Section 352 in Excluding Burns's Evidence of Purported Discrimination.*

Prior to trial, 20th Century moved pursuant to Evidence Code section 352 to exclude Burns's evidence which purportedly demonstrated that 20th Century discriminated against Jewish claimants or claimants with Jewish attorneys. Evidence Code section 352 gives the trial court discretion to "exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time

or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Burns's evidence consisted of 10-year-old trial and deposition testimony regarding 20th Century's former president. There was no evidence of any discrimination in this case or of any company policy of discrimination. After considering the briefing and arguments presented by both sides, the trial court excluded this evidence.

Burns does not contend the trial court was necessarily wrong. ■ Her entire argument is that the trial court erred because in ruling on the motion it failed to "mention prejudice or probative value or acknowledge that it ha[d] engaged in the weighing process that is required in order to properly exercise its discretion under Evidence Code § 352." Burns's simplistic argument is not persuasive.

Section 352 does not require the recitation of any "magic words." What is important is that the trial court "make apparent on the record, prior to exercising its discretion, its consideration of the factors which threatened prejudice against the probative value of the evidence." (*People* v. *Garrett* (1987) 195 Cal.App.3d 795, 801 [241 Cal.Rptr. 10].)

For example, in *Garrett*, prior to ruling on the admissibility of a prior felony, the trial court heard argument from defense counsel which expressly raised Evidence Code section 352 and the prejudicial effect of admitting the evidence. (195 Cal.App.3d at pp. 800-801.) In ruling to admit the evidence, the trial court "did not recite the magic words that its decision was based on section 352 or that the probative value outweighed any risk of undue prejudice . . . ." (*Id.*, at p. 801.) The Court of Appeal held this was not fatal "where, as in this case, the issue whether the probative value outweighed [the] prejudicial effect was before the court, and plainly formed the basis for its ruling, the Court's failure to recite this implied finding is harmless error." (*Ibid.*)

Similarly, in *People* v. *Johnson* (1987) 193 Cal.App.3d 1570, 1573-1577 [239 Cal.Rptr. 190], the trial court heard *in limine* motions which focused on the trial court's exercise of discretion under Evidence Code section 352 and the factors to be considered in exercising that discretion. The trial court then ruled on the admissibility of the evidence without explicitly stating the factors and its assessment of them in making its decision. The Court of Appeal held this was adequate. "[T]he content and context of the argument that preceded the court's ruling, and the nature of the ruling itself, adequately demonstrates a reflection and weighing of Evidence Code section 352 factors." (193 Cal.App.3d at p. 1577; see also, *Ramona Manor Convalescent Hospital* v. *Care Enterprises* (1986) 177 Cal.App.3d 1120, 1137 [225 Cal.Rptr. 120] [the trial court met the requirement of *People* v. *Green* (1980)

27 Cal.3d 1, 25 [164 Cal.Rptr. 1, 609 P.2d 468] and its progeny that it makes an affirmative record of its exercise of discretion as "[t]he record clearly indicates the court understood the law to be applied and then took time to consider the matter and exercise its discretion"].)

Here, the issue whether the prejudicial and misleading effect of Burns's evidence of purported discrimination outweighed its possible probative value was before the trial court and plainly formed the basis of its ruling. Before ruling, the trial court stated it had read and considered the papers filed by both parties on the motion *in limine* to exclude this evidence. 20th Century's motion specifically raised Evidence Code section 352, argued the tenuous probative value of Burns's evidence was outweighed by its prejudicial and misleading effect, and included the evidence relied on by 20th Century in support of the motion. Burns's papers set forth her position and included the evidence upon which she relied in opposition to the motion. The trial court then gave both sides an opportunity to argue their positions and, only after listening to argument, stated it had made its final ruling to exclude the evidence. The record thus demonstrates the trial court considered the factors which threatened prejudice against the probative value of the evidence, thereby satisfying its obligations under Evidence Code section 352.

Furthermore, the trial court's ruling is fully supported by the record. There was no evidence before the trial court of discrimination in this case or of any company policy or practice to discriminate against minority claimants. The trial court was therefore justified in concluding the prejudicial effect of the inflammatory evidence offered by Burns outweighed its tenuous probative value. On this record, Burns has failed to meet her burden of showing an abuse of discretion. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58] [appellant's burden to establish "a clear case of abuse" and "a miscarriage of justice"].)

 Even if the trial court had failed to make a sufficient record, Burns has failed to meet her burden of proving that exclusion of the evidence was prejudicial. Burns contends the evidence of alleged discrimination was crucial to her cause of action for fraud because it would "prove" 20th Century did not intend to deal fairly with Burns because of her religion. That contention finds no support, especially given the abbreviated record designated by Burns. To the contrary, the records shows the issue of 20th Century's intent is now moot because the jury found 20th Century *did* deal fairly and in good faith in its handling of Burns's claim. Because there was no breach, the jury would have never even reached the issue of intent. Accordingly, it is not reasonably probable a result more favorable to Burns would have been reached if her evidence had been admitted. (*Pool* v. *City of*

*Oakland* (1986) 42 Cal.3d 1051, 1069 [232 Cal.Rptr. 528, 728 P.2d 1163] [Miscarriage of justice warranting reversal will be declared only when the appellate court is of the opinion that " ' "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." ' "].)

## IV.

### DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent.

Lillie, P. J., concurred. Johnson, J., concurred in judgment only.