STATE, Respondent, v. ELOE, Appellant.

(240 N. W. 486.)

(File No. 7114.   Opinion filed January 30, 1932.)

*P. A. Hosford,* of Winner, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Charles P. Warren,* Assistant Attorney General, for the State.

PER CURIAM.   Defendant was convicted of the crime of adultery, committed by engaging in sexual intercourse with his own fifteen year old daughter.   From the judgment and denial of his motion for new trial he has appealed.

We have examined the record in this case with care.   It is not edifying and we see no need for discussing it in any detail in this opinion.   The evidence introduced by the state, which appears to have been believed by the jury indicates that defendant had sexual relations with his daughter with greater or lesser frequency during a period of some five years prior to the particular act charged in the information.   The sufficiency of the evidence to support the verdict is not challenged on this appeal.

Appellant predicates error upon four rulings of the trial court admitting certain testimony and exhibits.   We seriously doubt whether any of the rulings complained of were erroneous, and we are thoroughly persuaded that none of them were prejudicial.

Appellant urges as error that his counsel was unduly restricted in cross-examining one of the state's witnesses.   We think that counsel was permitted ample latitude in his interrogations, and that the scope of his cross-examination was not in any degree improperly limited.

Appellant complains of certain remarks of the trial court addressed to counsel. We believe, under the circumstances shown by the record, the remarks of the court were entirely justified. We think no prejudice resulted therefrom, and, in any event, the remarks, even if improper, would constitute an irregularity under subdivision 1, § 2555, R. C. 1919, and must be reviewed upon affidavits and not upon a settled record. Section 2556, R. C. 1919.

Appellant requested an instruction, going to the point that all evidence as to other acts of sexual intercourse between appellant and his daughter was admitted as corroborative only, and that before conviction could be had the jury must believe, beyond a reasonable doubt, that the defendant was guilty of the particular act charged in the information. The learned trial judge refused the requested instruction, but gave an instruction of his own upon the point, to which appellant excepted. We think that the instruction given by the trial court fully and adequately covered the point involved and was in no manner misleading or confusing to the jury, and that the instructions as a whole submitted the cause fully, fairly and properly.

A careful examination of all of appellant's assignments fails to disclose any prejudicial error in the record.

The judgment and order appealed from are therefore affirmed.

All the Judges concur, excepting ROBERTS, J., disqualified and not sitting.