ROBINSON, Respondent, v. NEW YORK LIFE INS. CO.,
Appellant

(6 N. W. 2d 162.)

(File No. 8449.   Opinion filed November 9, 1942.)

**Bailey, Voorhees, Woods & Bottum,** of Sioux Falls, for Appellant.

**Caldwell & Burns,** of Sioux Falls, for Respondent.

POLLEY, J.   This action was brought to recover on a Health and Accident Indemnity clause in a life insurance policy.   Plaintiff was a registered trained nurse and in the fall of 1929 was employed as a nurse in the Methodist State Hospital.   She continued such employment until some time about June, 1931, when she became ill and was obliged, because of such illness, to quit work and was under a doctor's care the remainder of the summer.   Her illness was diagnosed as diabetes.   In June, 1932, she married but never did any work of any kind after her marriage except light household duties.

On the 4th day of September, 1929, defendant issued to the plaintiff the life insurance policy involved in this case. Plaintiff made claim for the benefits provided by the policy, claiming such benefits from and after June 15, 1931.   When the claim was filed, defendant, without raising any question as to the total disability of plaintiff, allowed her the full amount of benefits specified in the policy and paid her the monthly payments therein provided every month for a period of more than seven years; and in addition to paying such benefits defendant waived payment by plaintiff of premiums on the policy.

On the 15th day of August, 1939, defendant, claiming said benefits had been paid under misrepresentations, ceased making such payments; whereupon plaintiff started this action.   The cause was tried to a jury.   Verdict and judgment were for plaintiff, and defendant appeals.

The Health and Accident clause in the policy provides that if plaintiff became "* * * so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, * * *" she would be entitled to the benefits provided by the policy.

The sufficiency of the evidence to support the

verdict is not questioned, but there is considerable controversy over the competency and materiality of the evidence. Plaintiff was a witness in her own behalf and after describing her condition and extent of her debility, she was asked the following question: "Have you at any time since you became ill in 1931 up to the present time engaged in any work or occupation for pay?", to which she answered, "No, I haven't." This was objected to on the ground that "it involves a conclusion and calls for the conclusion of the witness and is incompetent, irrelevant and immaterial, and invades the province of the jury as to what is remuneration, —a legal conclusion." This question called for a simple fact within the witness's knowledge, she knew whether she had received pay for any work she had performed. The question was not objectionable because calling for a legal conclusion. The fact that she had not performed any work for pay did not prove that she could not do such work, yet, it was material and certainly was not prejudicial to the defendant. Her answer made it plain that she had not performed any such work, and if she had done any such work, defendant was at liberty to prove that fact by any competent evidence.

· [2, 3] But the principal controversy in the case is in regard to the opinion evidence given by Dr. Groebner, the physician who had been attending the plaintiff for some four years in the past. He expressed the opinion that diabetes was an incurable disease; he said the plaintiff would not improve and would never be able to carry on the normal activities of a housewife, including the heavier duties; he said she would never be able to carry on her profession as a registered nurse, or any other occupation, and stated that she would never get well. This testimony was objected to because it went to the ultimate issue of fact to be decided by the jury, as to whether plaintiff was totally and permanently disabled as defined by the policy and the instructions of the court. The series of questions asked this witness and which he answered related to whether plaintiff could do certain kinds of work and his answers fall far short of

expressing an opinion on the whole case. The appellant in its brief has cited and largely relies upon federal cases involving war risk insurance. As to these cases the Note Writer in the Annotation in 111 A. L. R. p. 604, says:

"As previously noted, many of the cases cited in this Annotation involve policies of war risk insurance. While, on principle, there would seem to be no difference, with respect to the admissibility of expert testimony as to the ultimate fact of total or other disability, between these policies and ordinary insurance policies, there seems to be a tendency in cases involving war risk policies, not found in the cases dealing with ordinary policies, to hold such testimony inadmissible."

In support of this rule appellant cites: United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. 617; United States v. Nelson, 8 Cir., 102 F.2d 515; United States v. Fields, 8 Cir., 102 F.2d 535; United States v. McCreary, 9 Cir., 105 F.2d 297; United States v. Ware, 5 Cir., 110 F.2d 739. "On the other hand, the state courts, in actions on ordinary insurance policies providing for disability benefits, seem more inclined to hold expert evidence admissible on the ultimate question whether the insured has incurred the disability insured against." Note, 111 A. L. R. p. 605, citing numerous cases. "The tendency in the state courts to hold expert evidence admissible on the ultimate question of total or other disability insured against appears to be especially pronounced in Texas where this view is supported by several cases." Note, 111 A. L. R. p. 606.

In Piche v. Halvorson, 199 Minn. 526, 272 N. W. 591, 592, the court comments on the matter of expert witnesses as follows:

"1. Error is claimed because plaintiff's doctors were permitted to testify that plaintiff was permanently and totally disabled. It is urged that such testimony invades the province of the jury, that it left out of account certain disabilities due to prior injuries of plaintiff referred to in the evidence. * * * Medical testimony is received because jurors, being inexperienced in such matters, are unlikely to

prove capable of forming a correct judgment with respect to them without expert assistance. A physician testifying as an expert may give his opinion as to the extent of disability caused by, and the duration and permanency of, personal injuries. [Citing many cases.]

"It is claimed, however, that such testimony is objectionable because it permits the medical expert to give his opinion upon an ultimate issue, citing United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. 617; United States v. Bowman [10 Cir.], 73 F.2d 716; United States v. Sparks [7 Cir.], 80 F.2d 392; Spencer v. Industrial Commission, 87 Utah 336, 40 P.2d 188. The Spaulding case arose under a war risk insurance policy in which the sole and only issue was whether or not the plaintiff was 'totally and permanently disabled' within the meaning of the policy so as to entitle him to the benefits thereof. After pointing out that the opinions of the experts in that case were without weight because they failed to consider evidence which showed that the plaintiff was not totally and permanently disabled, the court stated that the experts ought not to have been asked or allowed to state their conclusions on the whole case. But this is not such a case. It will be time enough to decide whether the rule of the Spaulding case will be followed when such a case is presented. The other federal cases cited were war risk insurance cases and followed the rule of the Spaulding case. Of course, we are not bound by the rule of the federal courts. But the rule of the federal courts both prior to and subsequent to the Spaulding case has been in harmony with our own rule that an expert opinion may be received on an ultimate issue or fact to be decided by the jury. The federal cases observe a distinction that the rule stated is confined to cases in which the opinion does not extend to the merits of the entire case. New York Life Ins. Co. v. Wolf, [8 Cir.], 85 F.2d 162. The cited case distinguishes United States v. Spaulding and cites among many other cases State v. Cox, 172 Minn. 226, 215 N. W. 189. In the instant case the opinions of the experts did not extend to the entire case, but only to one fact to be

considered by the jury in assessing damages. The opinions were admissible. Dunnell, Minn. Dig. (2d Ed.) § 3326. We find no error in this respect."

Moreover, neither the court nor the jury is bound by the opinion of an expert witness, and the same may be rebutted by evidence to the contrary, if such evidence is available. No error was committed by the court in receiving this testimony.

■ The defendant predicates error upon the refusal of the court to give the defendant's Requested Instruction No. 4, which reads as follows: "Disability, to entitle the plaintiff to recover in this case, must be real and actual disability, and not imagined disability, nor unwillingness to work."

This proposed Instruction is fully covered by Instructions Nos. 2 and 3 given by the court. There was no error in refusing the proposed Instruction.

■ The defendant excepts to the court's Instructions Nos. 2 and 3, which are as follows:

Instruction No. 2. "The court will say to you that total disability, as defined in the provisions of the policy of insurance and as quoted above, does not mean a condition of absolute helplessness, rendering the plaintiff unable to perform any work, but means such disability as to render her unable to perform the substantial and material acts of her occupation in the usual and customary way, or to follow any occupation or engage in any business for remuneration or profit, in the usual and customary way. Ability to perform some of the duties of plaintiff's occupation, or of any other occupation or business for remuneration or profit, is not sufficient to defeat recovery on the policy."

Instruction No. 3. "Now, gentlemen, if you find from a preponderance of the evidence that from August 15, 1938, to March 15, 1940, the plaintiff was totally disabled by diabetes from performing any work, from following any occupation or from engaging in any business for remuneration or profit, then she is entitled to recover in this action, and

in determining such disability you should consider the language of the policy on that subject, as quoted above, and also the definition of such disability as just given to you above by the court."

These Instructions have been repeatedly approved by this and other courts. Cass v. Pacific Mut. Life Ins. Co., 62 S. D. 502, 253 N. W. 622; Hale v. Metropolitan Life Ins. Co., 65 S. D. 314, 273 N. W. 657; Frazier v. Travelers Ins. Co. of Hartford, Conn., 66 S. D. 638, 287 N. W. 589; New York Life Ins. Co. v. Best, 157 Miss. 571, 128 So. 565; Reinsch v. Pacific Mut. Life Ins. Co. of California, 140 Neb. 225, 299 N. W. 632; H. I. Cooper v. Metropolitan Life Ins. Co., 323 Pa. 295, 186 A. 125, 111 A. L. R. 598. Many more cases could be cited, but these are sufficient to show that the law as embraced in said Instructions Nos. 2 and 3 is well established as the law of this state.

Error is predicated upon the refusal of the court to give a number of defendant's Requested Instructions. These Requested Instructions are contrary to or inconsistent with Instructions Nos. 2 and 3 given by the court, and no error was committed by their rejection.

The judgment appealed from is affirmed.

All the Judges concur.