HOWE, Appellant v. FARMERS COOPERATIVE CREAMERY

OF MADISON, et al., Respondents

(132 N.W.2d 844)

(File No. 10148. Opinion filed February 3, 1965)

**Lammers & Lammers,** Madison, for claimant and appellant.

**Kirby, McDonnell & Kirby,** Sioux Falls, for defendants and respondents.

ROBERTS, P. J. Appellant, Alvin Howe, was employed by defendant Farmers Cooperative Creamery of Madison. He claims that he sustained an injury to his back resulting from a fall while lifting a can of cream. A claim for workmen's compensation was denied. From judgment of the circuit court affirming decision of the Industrial Commissioner, claimant perfected an appeal to this court.

The Industrial Commissioner filed findings in which he found that "Claimant has an eight percent (8%) permanent partial disability of the spine due to scoliosis. The condition was not caused by his alleged accidental injury nor was this condition aggravated by the alleged accidental injury". In a proceeding under the Workmen's Compensation Law, the burden rests on claimant to establish his claim. Appellant does not challenge this rule, but contends that where, as in the instant case, claimant has proved a compensable injury by a clear preponderance of evidence it was unreasonable for the trier of fact to fail to find affirmatively for him.

██ "The rule is well established in this state that on appeal from a decision of the Industrial Commissioner, the circuit court sits as a reviewing court only upon the record made before the commissioner. The trial forum for ascertaining material facts is the Industrial Commissioner, and facts so found must be accepted by the reviewing court unless so palpably erroneous upon the record as to be unreasonable; such facts standing substantially upon the same plane as the verdict of the jury." James v. McDonald, 73 S.D. 78, 39 N.W.2d 478.

██ In Edge v. City of Pierre, 59 S.D. 193, 239 N.W. 191, we said: "When the decision of the industrial commissioner is

adverse to the claimant, it is not necessary affirmatively to find the existence of any facts to support the same. The claimant having the burden of proving the existence of material facts in order to prevail, if, to the mind of the trier of the facts, claimant has not sustained that burden, the decision must be rendered against the claimant. It is usual, but by no means necessary, to support a decision adverse to the claimant by a finding affirmative in form of the converse of the facts as to which claimant having the burden of proof has failed to sustain it."

 Proof need not arise to a degree of absolute certainty, but an award may not be based on mere possibility or speculative evidence. Mehlum v. Nunda Cooperative Ass'n, 74 S.D. 545, 56 N.W.2d 282. The commissioner is not compelled to accept as absolute verity every statement of a witness not contradicted by direct evidence. The persuasiveness of evidence may be overcome even though uncontroverted by direct evidence. Bruns v. Stedman, 76 S.D. 586, 82 N.W.2d 845.

We now consider the application of these basic principles to the facts involved in this appeal. Claimant testified that he was 22 years old; that he was employed by defendant creamery company from July 1959, to April 1962; that Saturday morning, October 7, 1961, while lifting a cream can for the purpose of dumping its contents into a vat, he fell and injured his back; that he mentioned the injury to a fellow employee, Floyd Hilden, but made no complaint or report of injury that day to his employer; and that the next day, Sunday, he consulted Doctor Sheldon J. Christensen, Madison, S. D., concerning his injury and was treated by him on several occasions. Floyd Hilden testified that he knew that claimant intended to consult a doctor, but denied that he had any knowledge of the fall. Claimant's testimony indicates that he returned to work on Monday. Report of an injury resulting from a fall filed with the Industrial Commissioner is dated October 10, 1961 and signed by claimant and defendant employer. August 27, 1962, claimant filed with the Industrial Commission a claim for compensation and request for hearing.

Doctor Christensen testified on behalf of claimant. He gave the following testimony:

"Q What history did you obtain from the patient concerning the back condition?

"A A can—a milk can—fell on him on the night of 10/7/61.

"Q That is what he told you Doctor, is that correct?

"A Yes.

 * * * * *

"Q How did he respond to treatments?

"A Unsatisfactorily.

"Q Did you have an occasion to refer him to another doctor, * * *?

"A Yes, on November 24th he was referred to Dr. Robert Van Demark in Sioux Falls."

Dr. Van Demark made an examination on December 1, 1961. He testified that claimant had scoliosis, a lateral curvature of the spine. In response to the question: "May this impairment have been caused by the lifting of heavy objects, based upon reasonable medical certainty?" he answered: "It could have." On cross-examination he testified:

"Q What is scoliosis?

"A Scoliosis is curvature of the spine towards the side.

"Q What is the accepted medical theory as to its origin? * * * is this a thing that occurs due to posture, disease, trauma, or what?

"A There are many causes of scoliosis. I think you mentioned most of the causes.

"Q Would you agree with the definition * * * that it is not related to trauma?

"A No, I don't think I would. I would not agree with that completely. I would say, however, that in the majority of instances that is true. * * *."

■■ An injury cannot be inferred merely because an accident occurred. Where there is no obvious causal relationship the testimony of a medical expert may be necessary to establish the causal connection. Campbell v. City of Chamberlain, 78 S.D. 245, 100 N.W.2d 707. The medical testimony did not go further than to indicate that the condition of claimant "could have" resulted from the fall. We need not determine whether the record would have precluded a finding that the condition of claimant resulted from or was aggravated by the alleged accident. Respondents cite authority to the effect that medical testimony that a physical condition could have resulted from an accident is not an adequate expression of an expert opinion. See Sacks v. J. L. Freed & Sons, 190 Pa.Super. 585, 156 A.2d 187. Conceding for the purposes of this proceeding that there was unequivocal evidence of an accident, we think, nevertheless, that the record did not compel a finding of causal connection.

The judgment of the circuit court here appealed from is therefore affirmed.

All the Judges concur.