GRUBBS, Respondent v. FOREMOST INSURANCE CO., Appellant

(141 N.W.2d 777)

(File No. 10265. Opinion filed April 27, 1966)

**Herman and Wernke,** Gregory, for plaintiff and respondent.

**G. F. Johnson,** Gregory, for defendant and appellant.

BIEGELMEIER, Judge.

Plaintiff, owner of a mobile home trailer which was damaged by hail, brought this action against the insurer for his loss. Defendant admitted liability, but disputed the amount. The policy provided:

"In the event of a **partial** loss, .

a. The amount of the Company's liability shall not exceed the lowest of:

   (1) The difference between the actual cash value of the mobile home immediately before the loss and its actual cash value immediately after the loss; or

   (2) The actual cash value immediately preceding the loss of the part or parts damaged or destroyed; or

   (3) The cost of repairing the damage; or

   (4) The cost of replacing the damaged part or parts."

The jury returned a verdict of $1,200 for plaintiff.

The instruction of the court on the measure of damages was:

"Your verdict will be for the plaintiff, and on the question of damages, you must fix the amount of money which will reasonably and fairly compensate him for the damage done to his trailer house during the storm of May 15, 1962.

"Evidence has been introduced showing the cost of repair to the damaged trailer house and the value before and after the repair. In determining the amount of damage sustained by the plaintiff you may award the lesser amount of two sums of money to be arrived at as follows:

"The first is the sum which you determine to be the reasonable expense of making the necessary repair to the property.

"The second sum is the difference between the fair market value of the property immediately before the storm and the fair market value of the unrepaired property immediately after the storm."

In the motion for a new trial and this appeal defendant states this instruction became the law of the case, but that the evidence was insufficient to sustain the judgment of $1,200. Defendant contends that the most plaintiff could recover was the reasonable expense of repairing the property which, according to plaintiff's evidence was $944.65.

The record shows a witness for plaintiff did testify in his opinion it would cost $944.65 to repair the property; that the reasonable value of the trailer before the hail storm was somewhere between $2,300 and $2,400 and that after the hail storm its value was between $800 and $900. He also testified that after the repairs of $944.65 had been made to the trailer its value would have only been $1,650 or $1,700; that its value would depend on whether or not somebody knew it was repaired as "some people feel it might not be" as valuable as a trailer which had not been damaged and repaired.

■ The words "repair" and "replace" used in a policy of insurance mean the restoration of the insured property to substantially the same condition in which it was immediately prior to the damage. That has been the holding in cases involving damage to automobiles. Smith v. American Fire & Casualty Co., Tex.Civ.App., 242 S.W.2d 448; American Standard County Mut. Ins. Co. v. Barbee, Tex.Civ.App., 262 S.W.2d 122, and 6 Blashfield, Cyclopedia of Automobile Law and Practice, § 3791. See also generally 25 C.J.S. Damages § 83 and 45 C.J.S. Insurance § 915.

In Stucker v. Travelers Indemnity Co., 77 S.D. 27, 84 N.W.2d 566, not cited by counsel, one limit of recovery in the policy was the "cost to repair or replace" the automobile or part thereof. The trial court instructed the jury if the measure of recovery was the difference in value before and after the accident, less salvage, or as an alternative, if the damage was not a total loss and "by repairs could be placed in substantially the same condition it was in before the accident then the measure of recovery for plaintiff would be such sum as would necessarily be expended in placing said automobile in substantially the same condition

it was immediately prior to the accident * * *". The court approved the instruction which requires the repair alternative to place the property in substantially the same condition as it was before the damage on which it also wrote the "burden of proof was on the insurers to show the damaged car could be restored to its former condition * * *".

■ Plaintiff's recovery was limited to the cost of repair or replacement only if that restored the property to substantially its prior condition. If it did not do so the jury under the law and the court's instruction could find the damage under the difference in fair value alternative. Neither the court nor jury was bound by the opinions of the expert witnesses. Robinson v. New York Life Ins. Co., 69 S.D. 30, 6 N.W.2d 162. The jury is not bound to accept the undisputed testimony of plaintiff's witnesses as absolutely true where defendant introduces no evidence to rebut it, where that evidence is weakened in some degree on cross - examination, Rowan v. Becker, 73 S.D. 273, 41 N.W.2d 836. The jury is the sole judge of the credibility of the witnesses and could determine how much of the evidence of the several witnesses they believed.

Without detailing it, the evidence of repairs was in the range of $944.65 for plaintiff to those of defendant which varied from $531.95 to $875.36. The jury could find the value of the trailer before the hail storm was $2,400 or $3,000; that after the repairs were made it would be worth $1,650 or $1,700, and the repairs mentioned would not, as the court instructed, "fairly compensate him for the damage". That was a jury question, Rowan v. Becker and Stucker v. Travelers Indemnity Co., both supra. In the latter case an expert witness so concluded despite his other testimony that $1,627.50 repairs to a damaged car valued at $825 would equal its prior value of $3,000 to $3,100. Such deviations in opinions are for the jury to consider and reconcile. We have not overlooked the witnesses' opinions that repaired trailer would be in as good a shape as before, as it also appeared the same type of metal was not available for the repair or replacement and the company notified plaintiff it was exercising its option to make a cash settlement of the loss.

■ The record evidence is therefore sufficient to support the verdict without reliance on the jury's view of the damaged trailer. This viewing was not evidence, yet it enabled the jury to more satisfactorily weigh it and determine the issues of fact. Also, it "is a factor to be borne in mind in our assessment of the sufficiency of the evidence". Beatty v. Depue, 78 S.D. 395, 103 N.W.2d 187, 1 A.L.R.3d 531.

■ The trial court denied a new trial and a reviewing court is reluctant to disturb a verdict the trial court has approved. Stucker v. Travelers Indemnity Co., supra.

Affirmed.

RENTTO, P.J., and ROBERTS and HOMEYER, JJ., concur.

HANSON, J., dissents.

HANSON, Judge (dissenting).

In accordance with the contract of insurance and the instructions of the court the verdict in this case could not exceed the lesser of:

(1) The reasonable cost of repair, or

(2) The difference between the fair market value of the mobile home before the loss and its value immediately after the loss.

The burden was on plaintiff to prove the amount of his damages by competent evidence with reasonable certainty. According to the testimony of plaintiff's own witness the cost of repairing the trailer was $944.65. This amount was less than any evidence based on before and after valuations. In his brief plaintiff concedes the jury would have been required to return a verdict based on the cost of repair except that having viewed the damaged mobile home for themselves the first hand view became evidence, which they could consider in arriving at their verdict.

A view by the jury is not considered to be evidence in this jurisdiction and does not justify a jury verdict based thereon. The verdict of $1,200 is not otherwise supported by the record and in my opinion the judgment in this case should be modified down to the amount plaintiff's own witnesses said it would cost to repair the damaged mobile home.