**Veronica KUSSER, Plaintiff and Appellant,**

v.

**Dennis FELLER, Jr., Defendant and Appellee.**

**Nos. 16670, 16685.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 1990.

Decided April 4, 1990.

Jay C. Shultz of Lynn, Jackson, Shultz & Lebrun, P.C., Rapid City, for plaintiff and appellant.

Ronald R. Kappelman of Banks, Johnson, Johnson, Colbath & Huffman, P.C., Rapid City, for defendant and appellee.

SABERS, Justice.

Veronica Kusser appeals from the denial of her motion for a new trial following a jury verdict in her favor, but with an award of zero dollars damages.

### Facts

Kusser was driving to work on November 5, 1986, when her vehicle was struck from behind by a vehicle driven by Dennis Feller, Jr. The road was dry at the time of the accident and it was a clear day. Traffic was heavy due to road construction. Both vehicles were travelling at approximately thirty miles per hour before the collision. The vehicles in front of Kusser stopped, prompting her to quickly apply her brakes and come to a sudden stop. Feller was unable to stop his vehicle before hitting Kusser's vehicle. The impact was slight, however, as no damage was done to either vehicle and Kusser's vehicle was not pushed forward. Feller testified that he estimated he was travelling about seven miles per hour when he struck Kusser's vehicle.

After inspecting the vehicles, Kusser believed she was okay and eventually proceeded to work. Later that day, however, she developed discomfort in her lower back. Her husband took her to the emergency room at the local hospital where the attending physician took X-rays of her lower back. Kusser was advised that she suffered a minor sprain to her lower back. Five days later, Kusser returned to the emergency room claiming the pain had continued. Additional X-rays of Kusser's neck were taken, but no abnormalities were revealed. About one month later, Kusser consulted Dr. Ahrlin, a bone specialist, who took more X-rays. Dr. Ahrlin determined that Kusser had a mild sprain that would go away with time. Shortly thereafter, Kusser consulted Dr. Scherr, a chiropractor, who began a treatment program for Kusser.

Kusser commenced this action against Feller in April of 1988. The case was tried to a jury in January of 1989. Kusser moved for a directed verdict at the close of the evidence, but the court denied the motion. The jury returned a verdict in favor of Kusser, but awarded zero dollars in damages. Kusser filed a motion for additur and/or a new trial. She claimed the jury was under the influence of passion or prejudice in awarding her zero damages, and that the evidence was insufficient to justify zero damages. Her motion was denied. She appeals, claiming the trial court erred in denying her motions for a directed verdict and for a new trial. The trial court also rejected Feller's request to amend the verdict to become a verdict in his favor. *By notice of review,* Feller claims the trial court erred in failing to amend the verdict in his favor. We affirm in all respects.

### 1. *Motion for directed verdict.*

■ Kusser claims the trial court erred in failing to direct a verdict in her favor on liability. A motion for directed verdict must be preserved by ·a motion for judgment notwithstanding the verdict. *South Dakota Bldg. Authority v. Geiger–Berger Associates,* 414 N.W.2d 15 (S.D.1987). Kusser did not move for judgment notwithstanding the verdict. Therefore, this issue is not properly before this court.

### 2. *Motion for new trial.*

■ Kusser claims the trial court should have granted her motion for a new trial because the jury awarded inadequate damages under the influence of passion or prejudice, or, in the alternative, because the evidence was insufficient to sustain a verdict awarding zero damages. Whether a new trial should be granted is left to the sound judicial discretion of the trial court, and this court will not disturb the trial court's decision absent a clear showing of abuse of discretion. *Stoltz v. Stonecypher,* 336 N.W.2d 654 (S.D.1983). The trial court may not grant a new trial merely because it believes the verdict is smaller than it should be. *Id.; Itzen v. Wilsey,* 440 N.W.2d 312 (S.D.1989). "In tort actions involving personal injuries the amount of damages is peculiarly a question for the jury." *Stoltz, supra* at 657. When deciding whether the trial court abused its discretion in denying a motion for a new trial, we view the evidence in the light most favorable to the verdict. *Id.*

■ The trial court is best able to judge whether the damages awarded by a jury are the product of passion or prejudice. *Simmons v. City of Sioux Falls,* 374 N.W.2d 631,632 (S.D.1985). We are unable to conclude that the trial court erred in denying Kusser's motion on the basis of passion or prejudice. Kusser simply restates the evidence in her favor, but offers no explanation of how the jury would have acted under passion or prejudice. She claims she presented undisputed evidence establishing both special and general damages. However, even if the evidence is undisputed, "[t]he jury is not bound to accept the undisputed testimony of plaintiff's witnesses as absolutely true where defendant introduces no evidence to rebut it, where that evidence is weakened in some degree on cross-examination." *Grubbs v. Foremost Ins. Co., Grand Rapids,* 82 S.D. 98, 102, 141 N.W.2d 777, 779 (1966); *see also Howe v. Farmers Cooperative Creamery of Madison,* 81 S.D. 207, 210, 132 N.W.2d 844, 845 (1965) ("The persuasiveness of evidence may be overcome even though uncontroverted by direct evidence."). The jury was entitled to determine how much of the testimony of Kusser's witnesses they believed. There was evidence of three medical doctors who concluded that Kusser sustained no substantial injury. The jury may have determined that Kusser did not credibly establish damages resulting from the collision. Under these circumstances, it is not unreasonable for the jury to conclude that Kusser was entitled to no damages.

A new trial should not be granted on the basis of insufficient evidence unless the finding of the jury on a question of fact is "unreasonable, arbitrary, and unsupported by the evidence." *Lewis v. Storms,* 290 N.W.2d 494, 497 (S.D.1980). Kusser again claims her evidence of damages was undisputed. Yet, as set forth above, there was medical evidence that Kusser sustained no substantial injury, and the jury was free to reject the testimony of Kusser's witnesses. Since her case was based almost entirely upon opinion testimony, if the jury rejected that testimony its verdict is not unreasonable.

The jury also could have concluded that Kusser was contributorially negligent—by stopping too suddenly, for example. Testimony was presented indicating that Kusser had additional room in front of her so that she need not have stopped so abruptly. If the jury accepted this testimony, then the jury was within its province in reducing Kusser's damages in proportion to her contributory negligence. *Stoltz, supra.* In fact, her negligence could have equalled or surpassed the negligence of Feller in the minds of the jury. The jury also could have concluded that Kusser failed to avoid

or minimize injury by not wearing a seat belt. The jury was instructed about avoiding or minimizing injury. However, closing argument was not recorded so it is difficult to determine the impact of this point. At any rate, we cannot conclude that the jury's findings were so unreasonable, arbitrary, and unsupported by the evidence that the trial court clearly abused its discretion in failing to award a new trial. *Itzen, supra.*

### 3. *Amendment of verdict.*

■ Feller claims the trial court should have amended the verdict and entered judgment in his favor. This court has ruled that a verdict in favor of a plaintiff, but with an award of no damages, is in fact and law a verdict in favor of the defendant. *K & E Land and Cattle, Inc. v. Mayer,* 330 N.W.2d 529 (S.D.1983); *Lewis, supra.* In such a situation, the trial court has the power to amend a verdict to make it conform to the intention of the jury. *Lewis, supra* at 498. Yet, before doing so, the trial court should be clear that the verdict is contrary to the intention of the jury. In this case, the jury may have concluded that Feller was negligent, but that damages were not established with reasonable certainty. Under such a scenario, the jury's verdict would conform to its intention, and amendment of the verdict would be inappropriate.

Therefore, we deny the notice of review and affirm the trial court in all respects.

MORGAN and MILLER, JJ., concur.

WUEST, C.J., and HENDERSON, J., concur specially.

WUEST, Chief Justice (special concurrence).

I concur with everything in this decision except that portion which suggests the jury could have found Kusser contributorially negligent by stopping too suddenly. She

was faced with an emergency where she had to make a speedy decision and because her choice resulted in being struck from the rear does not make her negligent. *Johnson v. Chicago & N.W.R. Co.,* 72 S.D. 580, 38 N.W.2d 348 (1949); *Campbell v. Jackson,* 65 S.D. 154, 272 N.W. 293 (1937). *See also, Byrns v. St. Louis County,* 295 N.W.2d 517 (Minn.1980).

HENDERSON, Justice (concurring specially).

I concur in the majority opinion but write specially to elaborate on issue three as it warrants further discussion.

It should be noted that Kusser carried the burden of proof on the following issues:

(1) That Feller was negligent;

(2) That the negligence of Feller was the proximate cause of the injury to Kusser [1]; and,

(3) The amount of damages, if any, suffered by Kusser.

Apparently, the jury determined that Kusser met her burden of establishing Feller's negligence, but she could not establish damages with reasonable certainty. (The jury awarded zero damages). Feller advocates, that since the jury awarded Kusser "zero damages," the verdict was actually in favor of him. Feller relies on *K & E Land & Cattle, Inc. v. Mayer,* 330 N.W.2d 529 (S.D.1983).

We relied on *Lewis v. Storms,* 290 N.W.2d 494 (S.D.1980) for our decision in *K & E.* In *Lewis,* we decided that the jury verdict was in essence a verdict for the defendant, notwithstanding that it was returned on plaintiff's verdict form; and, where the intention of the jury was clearly ascertainable, the trial court should have amended the verdict and entered judgment for the defendant.

As Justice Sabers expresses, "the trial court should be clear that the verdict is contrary to the intention of the jury." In

---

**1.** Feller called no medical witnesses. In Feller's brief he makes reference to certain x-ray findings of Doctors Ahrlin, Nesbit and Krafka; however, there was no testimony admitted of these three doctors because the trial court sustained Kusser's objection on grounds of hearsay evidence. Dr. Scherr, a chiropractor, testified for Kusser and confirmed that the above three medical doctors could find no abnormalities in Kusser's x-rays. Powerful evidence, you see, *against* Kusser!

*Lewis,* the intention of the jury was clearly ascertainable. The jury submitted a note to the court which expressed: "If we find them both negligent, how do we fill out the form?" [2] The notation of *"contributory negligence more than slight"* on the verdict form patently reflects the reason why the Plaintiff (Lewis) was afforded no damages.

In the present case, we are not so theoretically fortunate. We cannot be certain, as we were in *Lewis,* that the verdict rendered was in essence, for Feller. Since the jury found for Kusser but awarded no damages, we may conclude that Kusser

failed to establish that she suffered any damage due to Feller's actions.[3] In this case, the jury's verdict does conform to its intention.

In conclusion, *Lewis* is distinguishable and should be confined to its facts. Likewise with *K & E.*

2. In *Lewis,* 290 N.W.2d at 498, we expressed that the jury verdict was "merely defective in form." Not so in the case at bar.

3. A great deal of testimony involved Kusser's playing golf after the accident. Her testimony was impeached concerning this physical activity. Also, the chiropractor's testimony at trial was impeached regarding testimony at his deposition.