2003 SD 37

**Benjamin FECHNER, Plaintiff and Appellant,**

v.

**Paul E. CASE, Defendant and Appellee.**

**No. 22374.**

Supreme Court of South Dakota.

Argued Jan. 15, 2003.

Decided April 9, 2003.

Nancy Manning, Rapid City, South Dakota, Charles Abourezk of Abourezk Law Office, Rapid City, South Dakota, Attorneys for plaintiff and appellant.

Michael K. Sabers and Larry M. Von Wald of Beardsley, Jensen & Von Wald, Rapid City, South Dakota, Attorneys for defendant and appellee.

TIMM, Circuit Judge.

[¶ 1.] When Paul Case (Case) stopped his Lincoln Town Car in the middle of a Rapid City intersection, blocking the path of Benjamin Fechner's (Fechner) Suzuki Esteem, Fechner slammed on the brakes. His Esteem skidded twenty feet, coming to a halt just short of the Town Car's passenger side. Neither vehicle was damaged.

[¶ 2.] Fechner sued Case claiming personal injury and related damages. Case admitted negligence, but denied causing Fechner injury. The jury returned a verdict for Case. Fechner appeals. We affirm.

[¶ 3.] Fechner contends the trial court abused its discretion by denying his 1) motion in limine; 2) motion for judgment notwithstanding verdict; and 3) motion for new trial.

## MOTION IN LIMINE

[¶ 4.] Before trial, Fechner sought an order prohibiting the defense from eliciting testimony that he had been referred by his attorney to Dr. Lawlor (Lawlor), his expert regarding injury and causation. The motion was denied.

[¶ 5.] At trial, in opening statement, Fechner's counsel informed the jury of the attorney referral. Fechner then testified about the referral in his case-in-chief. Fechner's election to address the referral in his case-in-chief rather than to wait and object if the subject was broached by the opposition cut off the defense option to forgo introduction of the evidence. It also precluded the trial court from reconsidering its previous ruling in the context of the trial. This tactic is fatal. "It is settled law in this state that reversible error cannot be predicated upon the denial of a motion in limine ... failure to specifically object to the evidence at trial waives the issue on appeal." *State v. Red Star*, 467 N.W.2d 769, 771 (S.D.1991).

## JUDGMENT NOTWITHSTANDING VERDICT

[¶ 6.] Rulings on motions for judgment notwithstanding verdict are reviewed under the abuse of discretion standard. *Bland v. Davison County*, 1997 SD 92, ¶ 26 566 N.W.2d 452, 460. Evidence and inferences most favorable to the nonmoving party are examined to determine whether there is substantial evidence to support the jury's judgment. *Robinson v. Mudlin*, 273 N.W.2d 753, 755 (S.D.1979). Conflicting evidence is not reweighed; wit-

ness credibility is not reassessed. The moving party's evidence is only given consideration if it is uncontradicted or tends to amplify, clarify or explain evidence which supports the verdict. *Dartt v. Berghorst*, 484 N.W.2d 891, 895 (S.D.1992); *Nugent v. Quam*, 82 S.D. 583, 589, 152 N.W.2d 371, 374 (1967).

[¶ 7.] Fechner complained about a neck injury, numbness and tingling down the arms, daily headaches, fatigue, and depression following the intersection incident. Lawlor testified that these injuries were caused by the sudden deceleration of the Esteem. No witnesses were called by Case. Fechner asserts that, because Case called no witnesses to contradict Lawlor's causation opinion, there was "no evidence upon which the jury's verdict in this case could be properly based." We disagree.

[¶ 8.] Determination of witness credibility and the value of testimony are exclusively jury prerogatives. *Bridge v. Karl's, Inc.*, 538 N.W.2d 521, 525 (S.D. 1995). Though unchallenged by opposing witnesses, evidence need not be accepted where cross-examination casts doubt upon its reliability. *Kusser v. Feller*, 453 N.W.2d 619, 621 (S.D.1990); *Grubbs v. Foremost Ins. Co., Grand Rapids*, 82 S.D. 98, 102, 141 N.W.2d 777, 779 (1966). A jury may reject an expert's opinion where its foundation has been eroded. *Bridge, supra; Podio v. American Colloid Company*, 83 S.D. 528, 532, 162 N.W.2d 385, 387 (1968).

[¶ 9.] Unbuttressed by objective tests, Lawlor's opinion depended on the truthfulness of Fechner's representations regarding the nature and extent of his injuries. Through cross-examination, Fechner's credibility was undermined. He admitted that:

His head struck nothing in the course of stopping the Esteem;

He told the police officer at the scene that an ambulance was not needed;

The day of the accident, he told a nurse he had not lost consciousness;

He told Lawlor three months later that he had blacked out;

Though blacked out, he was able to safely bring his vehicle to a stop, avoiding collision;

All objective tests (x-ray, MRI, angiogram) ordered by initial medical providers came back normal (as did all the objective tests later ordered by Lawlor);

Though complaining of neck pain, he did not immediately fill a prescription given by the nurse the day of the incident;

He decided within two days of the incident that he would sue Case;

His deposition testimony indicating left arm pain and numbness contradicted his representation to Lawlor that the pain and numbness were in his right arm;

He had preexisting head and neck injuries from two previous car accidents and his head being struck by a baseball bat;

Although testifying that he had daily headaches and discomfort in his neck every two weeks, at the time of trial, he had not seen a healthcare provider or taken prescription medication for over two years.

[¶ 10.] Implicit in the jury verdict are findings that Fechner's claim of injury was not trustworthy and, therefore, Lawlor's opinion was of no value. These findings fall within the jury's purview and, viewing the evidence and inferences most favorably for Case, there is substantial support for such findings. We conclude that the trial court did not abuse its discretion by denying Fechner's motion for judgment notwithstanding verdict.

### NEW TRIAL

[¶ 11.] Rulings on motions for new trial are reviewed under the abuse of

discretion standard. Whether a new trial should be granted is left to the sound judicial discretion of the trial court and this Court will not disturb the trial court's decision absent a clear showing of abuse of discretion. *Biegler v. American Family Mut. Ins. Co.*, 2001 SD 13, ¶ 17, 621 N.W.2d 592, 598.

[¶ 12.] Fechner moved for a new trial under SDCL 15–6–59(a)(1), (2), (5), (6) and (7), claiming: irregularity in the proceedings; misconduct of the jury; inadequate damages; insufficiency of the evidence; and, error of law.

### IRREGULARITY IN THE PROCEEDINGS

 The expression " 'irregularity in the proceedings' . . . relates generally to departures by the court, during the trial of a case, from the due and orderly method of disposition of a case. . . ." 58 AmJur2d *New Trial* § 96 (1989). In South Dakota this concept includes misconduct on the part of the court (*State v. Eloe*, 59 S.D. 440, 240 N.W. 486 (1932)), the attorneys (*Voegeli v. Schultz*, 67 S.D. 538, 295 N.W. 493)), and the parties (*Poe v. Arch*, 26 S.D. 291, 128 N.W. 166 (1910)).

*Bakker v. Irvine*, 519 N.W.2d 41, 46 (S.D. 1994).

 [¶ 13.] Fechner's new trial motion failed to point out any misconduct by the court, counsel, or the parties. Rather, he alleged that juror misconduct constituted irregularity in the proceedings. We find no basis for that proposition. Irregularity in the proceedings and misconduct of the jury are separate, distinct grounds for a new trial. SDCL 15–6–59(a)(1) and (2). Fechner's allegation of irregularity is unsupported and untenable. The trial court did not abuse its discretion in denying the motion for new trial on this ground.

### MISCONDUCT OF THE JURY

[¶ 14.] After the trial, Rose Wilbur (Wilbur), an assistant to Fechner's attorney, interviewed the lone dissenting juror, Lyla Monello (Monello). Fechner rests his claim of jury misconduct on Wilbur's affidavit reporting what Monello purportedly told her about the jury's deliberations.

[¶ 15.] The threshold question here is whether an affidavit composed entirely of unsworn juror statements is admissible to support a new trial motion. Though unanswered in this jurisdiction, this question has been addressed many times elsewhere. In California, in the case of *Burns v. 20th Century Ins. Co.*, 9 Cal.App.4th 1666, 12 Cal.Rptr.2d 462 (1992), Burns supported her new trial motion with declarations from her attorney's investigator concerning statements and thoughts of two jurors during their deliberations. The Court stated:

The declarations are inadmissible hearsay. As explained by the California Supreme Court under identical circumstances, "[t]he sole evidence of the alleged misconduct was the declaration of a defense investigator that purports to relate a conversation with the juror. It is settled, however, that 'a jury verdict may not be impeached by hearsay affidavits.' " (*People v. Williams*, (1988) 45 Cal.3d 1268, 1318, 248 Cal.Rptr. 834, 756 P.2d 221).

Similarly, in *People v. Cox*, (1991) 53 Cal.3d 618, 280 Cal.Rptr. 692, 809 P.2d 351, the defendant submitted the unsworn statement of a juror and the affidavit of a defense investigator recounting the juror's statement to him. After stating the affidavit was inadmissible hearsay, the court concluded, "[t]he record thus contains no competent evidence the jury considered matters not introduced at defendant's trial; the court thus properly denied the motion [for

new trial] for lack of evidentiary support." (*Id.* at p. 697, 280 Cal.Rptr. 692, 809 P.2d 351; *see also People v. Manson* (1976) 61 Cal.App.3d 102, 216, 132 Cal. Rptr. 265 [purported statements of a juror set forth in counsel's declaration "are nothing more nor less than hearsay or double hearsay and are incompetent and insufficient to impeach the verdict"]; *People v. Villagren* (1980) 106 Cal. App.3d 720, 729–730, 165 Cal.Rptr. 470 [declaration of defense counsel concerning conversation with juror "contained hearsay thrice and twice removed"][.]

*Burns,* 12 Cal.Rptr.2d at 464.

[¶ 16.] Other jurisdictions holding affidavits containing unsworn statements of others inadmissible in support of a motion for new trial are: Arizona (*State v. Marvin,* 124 Ariz. 555, 606 P.2d 406 (1980) (defense counsel affidavit containing hearsay rejected)); Colorado (*Simmons v. People,* 70 Colo. 262, 199 P. 416 (1921) (defendant's affidavit based on hearsay not considered)); Georgia (*Arnold v. State,* 166 Ga.App. 313, 304 S.E.2d 118 (1983) (third person affidavit containing juror's statement rejected)); Idaho (*State v. Murphy,* 7 Idaho 183, 61 P. 462 (1900)); Illinois (*Phillips v. Town of Scales Mound,* 195 Ill. 353, 63 N.E.180 (1902)); Iowa (*State v. Woodmansee,* 212 Iowa 596, 233 N.W. 725 (1930)); Kansas (*Cain Bros. Co. v. Wallace,* 46 Kan. 138, 26 P.445 (1891)); Kentucky (*Brown v. Commonwealth,* 490 S.W.2d 731 (Ky.Ct.App.1973)); Michigan (*People v. Hagle,* 67 Mich.App. 608, 242 N.W.2d 27 (1976) (defense counsel's secretary's affidavit stricken as hearsay)); Nebraska (*Peterson v. Skjelver,* 43 Neb. 663, 62 N.W. 43 (1895)); New Mexico (*State v. Analla,* 34 N.M. 22, 276 P. 291 (1929)); Ohio (*State v. Schiebel,* 55 Ohio St.3d 71, 564 N.E.2d 54 (1990) (attorney affidavit inadmissable hearsay)); Rhode Island (*Bradshaw v. Campbell,* 103 R.I. 319, 237 A.2d 547 (1968)); and Washington (*State v. James,* 70 Wash.2d 624, 424 P.2d 1005

(1967) (defense counsel affidavit setting out information from post trial juror interviews)).

[¶ 17.] We find these decisions to be persuasive. A motion for new trial alleging jury misconduct must be supported by the affidavit of a juror or some other person who was in a position to know the facts. Wilbur's affidavit does not meet this requirement. It is inadmissable hearsay. The allegation of misconduct of the jury is devoid of support. We find no abuse of discretion in the trial court's ruling that Fechner should not receive a new trial due to juror misconduct.

## INADEQUATE DAMAGES/INSUFFICIENT EVIDENCE

[¶ 18.] Fechner's argument on these grounds is essentially the same one made in support of his motion for judgment notwithstanding verdict, that is, that Lawlor's causation opinion was uncontested. Based on that premise, Fechner claims the evidence is inadequate to support the verdict for Case and that failure to award damages can only be explained by juror passion, prejudice or error of law. Having previously found that Lawlor's causation opinion was not uncontested, and for essentially the same reasons that we found no abuse of discretion in the denial of the motion for judgment notwithstanding verdict, we conclude that the jury's verdict can be explained with reference to the evidence rather than by juror passion, prejudice or mistake of law. *Itzen v. Wilsey,* 440 N.W.2d 312, 313–314 (S.D.1989); *Berry v. Risdall,* 1998 SD 18, 576 N.W.2d 1; *Veeder v. Kennedy,* 1999 SD 23, 589 N.W.2d 610. The trial court exercised sound discretion in denying the new trial motion on these grounds.

## ERROR OF LAW

[¶ 19.] A new trial may be granted if there is an "[e]rror of law occurring

at trial; provided, that in the case of ... admission ... of evidence ... it must be based upon an objection[.]" SDCL 15–6–59(a)(7). Fechner contends that the admission of evidence that he was referred to Lawlor by his attorney is an error of law which would entitle him to a new trial. As previously noted, Fechner chose to introduce that evidence himself when his motion in limine failed. Not having been objected to at trial, the admission of the referral clearly falls outside the reach of subsection (7) of SDCL 15–6–59(a). The trial court's denial of the motion for new trial based on this ground was not an abuse of discretion.

[¶ 20.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶ 21.] TIMM, Circuit Judge for SABERS, Justice, disqualified.