BASTIAN, Circuit Judge
(dissenting).
[¶ 78.] I respectfully dissent. The appellant’s causation evidence is based solely on a one-paragraph letter of Dr. Carlson set forth at ¶ 36. Dr. Carlson admits “it is not possible for me to determine which of the patient’s work-related activities or the patient’s pre-existing degenerative changes are the major contributing cause of his disability impairment and the need for medical treatment.” He nonetheless concludes, “If we are asked in the future to apportion this, we would give it a 50% to the pre-existing degenerative problems and 50% to the work related issues.”
[¶ 79.] I find that Dr. Carlson’s allusion to a future determination is too indefinite and his reference to “the work related issues” is too nebulous to have established causation to a reasonable medical probability. Enger v. FMC, 1997 SD 70, ¶ 18, 565 N.W.2d 79, 85 (when the medical evidence is not conclusive, the claimant has not met the burden of showing causation by a preponderance of the evidence. Causation must be established to a reasonable medical probability, not just a possibility.)[2]
[¶ 80.] More importantly, there is no affidavit, deposition or live testimony by the doctor. The one-paragraph letter was signature-stamped.
*603 [¶ 81.] This Court has “consistently required expert medical testimony in establishing causation for workers’ compensation purposes.” Enger, supra, (emphasis supplied). In Hanten v. Palace Builders, Inc., 1997 SD 3, ¶ 10, 558 N.W.2d 76, 78, this Court held that “[ejxpert witness testimony must be used to establish the causal connection between one’s employment and subsequent injury where ‘the field is one in which laymen are not qualified to express an opinion.’ ” Day v. John Morrell & Co., 490 N.W.2d 720, 724 (S.D.1992); Howe v. Farmers Coop. Creamery, 81 S.D. 207, 212, 132 N.W.2d 844, 846 (1965).
A [worker’s] compensation award cannot be based on possibilities or probabilities, but must be based on sufficient evidence that the claimant incurred a disability arising out of and in the course of his employment. As noted above, where the relationship between the work and the injury is not clear, medical expert testimony is required to establish the causal connection.
Hanten, 1997 SD 3, ¶ 18, 558 N.W.2d at 78(internal citations and quotations omitted).
[¶ 82.] This Court has frequently held that the “testimony of professionals is crucial” in establishing the causal relationship. Rawls v. Coleman-Frizzell, Inc., 2002 SD 130, ¶ 21, 653 N.W.2d 247, 252; Day, 490 N.W.2d at 724; Lawler v. Windmill Restaurant, 435 N.W.2d 708, 710 (S.D.1989); Wold v. Meilman Food Indus., Inc., 269 N.W.2d 112, 115 (S.D.1978).
[¶ 83.] In Westergren v. Baptist Hospital, 1996 SD 69, ¶ 31, 549 N.W.2d 390, 398, this Court held:
By stating that “the testimony of professionals is crucial in establishing this causal relationship” we acknowledged the lack of medical training by lawyers, hearing examiners, and courts to interpret these records.... By not deposing these professionals or having them testify at hearing, the parties are likewise limited in the information that might otherwise be available to them.
See also Deuschle v. Bak Constr. Co., 443 N.W.2d 5, 6 (S.D.1989) (to establish the causal relationship ... a finding “must rest on the testimony of professionals”.)
[¶ 84.] I find the majority’s reliance on Stormo v. Strong, 469 N.W.2d 816 (S.D. 1991) to be unpersuasive. I agree there “are no ‘magic words’ needed to express an expert’s degree of medical certainty, and the test is only whether the expert’s words demonstrate that he or she was expressing an expert medical opinion.” Stormo, 469 N.W.2d at 824 (citing Drexler v. All Amer. Life & Cas. Co., 72 Wis.2d 420, 432, 241 N.W.2d 401, 408 (1976)). In Stormo and in Drexler, however, unlike this case, the Court was able to evaluate the sworn testimony of the medical expert. Stormo, 469 N.W.2d at 824; Drexler, 72 Wis.2d at 425, 241 N.W.2d at 403.
[¶ 85.] While the worker’s compensation act is to be liberally construed in favor of the claimant, this rule applies to the law and not to the evidence offered to support the claim. Hanten, 1997 SD 3, ¶ 10, 558 N.W.2d at 78; Wold, 269 N.W.2d at 116; and Podio v. American Colloid, 83 S.D. 528, 534, 162 N.W.2d 385, 388 (1968).
[¶ 86.] The appellant’s evidence on causation, resting on an imprecise one-paragraph letter that the doctor did not sign and may not have reviewed after dictating, falls well short of any standard that this Court has previously established in worker’s compensation cases. There is no expert medical opinion in any reliable form that establishes causation to a reasonable medical probability.
[¶ 87.] In addition, I join the dissent of Justice Zinter.

. Furthermore, Dr. Carlson's letter is addressed to the appellant's attorney but the attorney's letter of inquiry is not part of the record. Thus, we have Dr. Carlson's answer but are left to speculate as to the question posed.