Filed 5/14/14  Davidson v. Fish CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JESSICA DAVIDSON, | B246694 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC055090) |
| v. | |
| ALEX FISH, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, David Milton, Judge.  Affirmed in part.

Madison Law Group, Christopher J. Gansen for Plaintiff and Appellant.

Law Offices of Gregory J. Lucett, David Rosser; Pollak, Vida & Fisher, Michael M. Pollak and Anna L. Birenbaum for Defendant and Respondent.

## INTRODUCTION

A jury awarded plaintiff and appellant Jessica Davidson $66,375 in her personal injury automobile accident action. Thereafter, the trial court denied plaintiff's motion for prejudgment interest pursuant to Code of Civil Procedure section 998[1] and Civil Code section 3291, granted defendant and respondent Alex Fish's motion to tax costs with respect to plaintiff's medical expert witness fees, and granted defendant's new trial motion pursuant to section 657 based on juror misconduct. The trial court denied plaintiff's motion for reconsideration. Plaintiff appeals. We affirm the trial court's order granting defendant's new trial motion. Because we affirm the order granting a new trial, we do not need to decide whether the trial court erred in denying plaintiff's motion for prejudgment interest or in granting defendant's motion to tax costs.

## BACKGROUND[2]

Plaintiff brought an action for negligence against defendant arising from an automobile accident. The jury awarded her $66,375, which award consisted of $9,375 in past economic loss, $23,500 in future economic loss, $30,000 in past noneconomic loss, and $3,500 in future noneconomic loss.

### A. New Trial Motion

Defendant moved for a new trial under section 657, subdivisions (1) (irregularity in the proceedings of the jury) and (2) (misconduct of the jury) alleging that one of the jurors lied during voir dire and that that juror and others considered evidence not presented at trial. In support of his new trial motion, defendant submitted a declaration from Diana Jacobs, one of the jurors.

Jacobs stated that before the jury was selected, Reinaldo Zamora, who ultimately served as the jury foreperson, stated to her that he was an "advocate for aircraft workers

---

[1] All statutory citations are to the Code of Civil Procedure unless otherwise noted.

[2] Our recitation of facts is limited to defendant's new trial motion.

on the line." Zamora also said that he had served on over 30 juries. On voir dire, however, Zamora stated that he had served on one jury.[3] Then, when the jury went to the jury room to deliberate, Zamora said that he would be the foreperson because he had served on many juries. He stopped discussion about any other juror serving as the foreperson, stating that the jury should not have an inexperienced foreperson.

According to Jacobs, during deliberations, Zamora dismissed entirely the testimony of defendant's biomechanical engineer when the jury discussed whether the minor impact accident caused plaintiff's shoulder injury.[4] Zamora told the jury that he had worked in the aircraft industry for many years, he worked with engineers, he had seen many accidents, he had knowledge of physics, and he "set up systems for safety." Zamora stated that based on his (Zamora's) experience, defendant's expert "doesn't know what he's talking about." Zamora said that he had experience in the area of the expert's testimony and that his fellow jurors should "believe his experience" over the expert's testimony.

When an issue arose during deliberations that required reference to the jury instructions, Zamora said, "We don't have to look at that." When discussing damages, Zamora encouraged the jurors to discuss their personal experiences with their own injuries. Zamora said that he knew a professional athlete who continued to work even though he was injured because others depended on him. Zamora likened plaintiff, who continued to work after the accident even though she was in pain, to that athlete to diminish defendant's contention that plaintiff was not as severely injured as she claimed.

---

**3** The reporter's transcript of the jury voir dire is not a part of the record on appeal. Plaintiff represents on appeal that although the parties stipulated to use a certified shorthand reporter during trial, the reporter was not used during jury voir dire.

**4** In her declaration, Jacobs at times characterized evidence adduced at trial—for example, that the accident involved a "minor impact"—and arguments made by counsel. Plaintiff does not challenge these characterizations, and we would be unable to consider any such challenge as plaintiff did not designate the reporter's transcript of the trial as part of the record on appeal.

Zamora said that he had experience with physical therapy and that it was painful. He asked if other jurors had experience with physical therapy. Three jurors raised their hands and one said that physical therapy was painful and she would not want to do it again.

According to Jacobs, juror Knoll talked about a prior injury; juror Sanchez talked about his sports injuries and injuries he had seen athletes suffer while playing sports; juror Devlin-Schmutz discussed her injuries, including a shoulder injury that she said was "similar," apparently to plaintiff's shoulder injury. Devlin-Schmutz said that the jury had to make plaintiff "whole." Based on the jurors' discussion of their own injuries, the majority of jurors agreed that the accident caused plaintiff's injury.

When discussing the fact that plaintiff's vehicle had no visible damage, Sanchez made a statement to the effect of, "It doesn't matter that he wasn't moving very fast and didn't damage the car. I've seen people injured without impacts without damage." He further stated that a person could be injured sneezing. Zamora stated the jury did not know whether defendant had his vehicle repaired before a particular photograph was taken. When Jacobs stated that the photograph should be considered valid because it had been entered as evidence and not challenged, Zamora dismissed her statement, saying that there was no proof that the vehicle had not been repaired before the photograph was taken.

Plaintiff opposed defendant's new trial motion arguing that Jacobs's declaration did not establish misconduct or prejudice. In support of her opposition, plaintiff filed objections to and a motion to strike Jacobs's declaration. Plaintiff also filed a declaration from Zamora[5] in which he stated that Jacobs's allegations were "nearly across the board" fabrications. He said that Jacobs seemed "very upset" that she was being outvoted on causation and damages, but that she had the opportunity to be heard.

As to the specific allegations in Jacobs's declaration, Zamora stated that he had served on only one jury prior to this case and that he told the truth about his jury service

---

[5] Plaintiff successfully moved in the trial court to unseal the jurors' identifying information.

during jury voir dire. According to Zamora, Jacobs was the only juror who opposed him serving as jury foreperson. He denied saying that he had served on many juries or that the jury should not have an inexperienced foreperson.

Zamora also denied that he said he had worked with engineers, had seen many accidents, had knowledge of physics, or that his fellow jurors should "believe his experience" over defendant's biomechanical engineering expert's testimony. Zamora said that he and other jurors decided to give that expert's testimony less weight than Jacobs thought it deserved when deciding on the issues of causation and damages. That decision caused the jury to agree that plaintiff was injured as a result of defendant's negligence.

Zamora did not tell the other jurors to disregard the jury instructions, and instead urged them to understand and follow the trial court's instructions. Zamora denied that he encouraged other jurors to discuss their personal experiences, or that he informed them that he had experience with physical therapy in order to influence their deliberations. Most jurors gave "credence to the fact that Plaintiff still worked while in pain," and it "became clear" that other jurors had experience with physical therapy. He did not suggest that defendant had his vehicle repaired before it was photographed.

### B.     *The Trial Court's Ruling*

The trial court granted defendant's new trial motion.[6] It found that defendant presented evidence of misconduct by Zamora through Jacobs's declaration. The trial court found that Zamora engaged in misconduct because he "was dishonest with his responses during voir dire, offered his personal experience and knowledge based on information outside of the evidence which concerned biomechanics and accident reconstruction, encouraged other jurors to do the same, and disregarded the court[']s instructions." That misconduct, the trial court ruled, gave rise to a rebuttable presumption of prejudice that plaintiff had to overcome. The trial court found that in

---

**6** Plaintiff did not designate the reporter's transcript of the hearing on defendant's new trial motion as part of the record on appeal.

addition to the presumption of prejudice, the amount of the jury's award "clearly [was] not warranted by the evidence and was consistent with the foreperson's misconduct." The trial court then summarized the evidence at trial and found that "plaintiff's accounting of the occurrence was implausible, the nature and extent of her injury was grossly overstated, and clearly not supported by the evidence."

C.     *Plaintiff's Motion for Reconsideration*

Plaintiff brought a motion for reconsideration of the trial court's ruling on defendant's new trial motion. Plaintiff argued that the trial court improperly granted the new trial motion on the ground that the jury's award was excessive or that insufficient evidence supported the award—neither ground having been raised in defendant's new trial motion, the trial court granted defendant's new trial motion without reading or considering Zamora's declaration, and the trial court erred in admitting Jacobs's declaration. In a declaration submitted by plaintiff's counsel in support of plaintiff's motion for reconsideration, counsel stated that the trial court ruled at the hearing on defendant's new trial motion that it would admit and consider Zamora's declaration, which was filed the day before the hearing. During the hearing, counsel stated, the trial court adopted as its final order its tentative ruling granting defendant's new trial motion after "disclosing" that it had not read or considered Zamora's declaration.

The trial court denied plaintiff's motion for reconsideration. It found that plaintiff had not raised new facts or law. The trial court stated that the basis of its ruling on the new trial motion was juror misconduct and not excessive damages or insufficiency of the evidence to support the jury's award. It stated that its ruling on defendant's new trial motion summarized the evidence at trial to show that Zamora's misconduct prejudiced defendant. It had read and considered Zamora's declaration in ruling on defendant's motion. As for plaintiff's objections to Jacobs's declaration and plaintiff's motion for prejudgment interest, the trial court ruled, "To the extent plaintiff argues the Jacob[s] declaration was inadmissible and that the motion for prejudgment interest was entered in

6

error, that legal arguments and authorities were or could have been offered previously do nothing to change the analysis."

## DISCUSSION

Plaintiff argues that the trial court erred in granting defendant's new trial motion because the trial court considered inadmissible evidence (Jacobs's declaration), Jacobs's declaration failed to establish juror misconduct or prejudice, defendant failed to file timely a declaration stating that he had no knowledge of the juror misconduct until after the verdict, and the Zamora declaration should have been fatal to defendant's new trial motion if the trial court had read and considered it. Plaintiff failed to meet her burden to show error by an adequate record on appeal. On the record before us, however, the trial court did not abuse its discretion in granting defendant's new trial motion.

*A. Standard of Review*[7]

When a trial court grants a new trial motion, it must specify the ground or grounds on which the motion is granted and its reason or reasons for granting the new trial on the ground or grounds stated. (§ 657.) "The word 'ground' refers to any of the seven grounds listed in section 657. [Citation.]"[8] (*Oakland Raiders v. National Football*

---

**7**   Plaintiff purports to set forth the standard of review for motions for reconsideration. Instead, she addresses whether the denial of such a motion is appealable. In any event, because plaintiff does not directly challenge the trial court's order denying her motion for reconsideration we do not need to set forth the applicable standard of review.

**8**   The seven grounds in section 657 are:
"1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.
"2. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors.

7

*League* (2007) 41 Cal.4th 624, 634 (*Oakland Raiders*).)  A trial court's statement of grounds only has to approximate the statutory language.  (*Ibid.*)  The statement of "reasons," however, must be sufficiently specific to "facilitate appellate review and avoid any need for the appellate court to rely on inference or speculation.  [Citations.]"  (*Ibid.*)

"When the trial court provides a statement of reasons as required by section 657, the appropriate standard of judicial review is one that defers to the trial court's resolution of conflicts in the evidence and inquires only whether the court's decision was an abuse of discretion.  [Citations.]"  (*Oakland Raiders, supra,* 41 Cal.4th at p. 636.)  When the trial court fails to provide a statement of reasons, the standard of review is de novo.  (*Id.* at p. 640.)

The parties dispute the applicable standard of review for defendant's new trial motion.  Plaintiff contends that the standard of review is de novo because the trial court's order granting the new trial motion did not specify the reasons for granting the motion as required by section 657.  Defendant contends that the proper standard of review is abuse of discretion because the trial court's order included the required statement of reasons.  We agree with defendant.  The stated ground for the trial court's order granting defendant's new trial motion was juror misconduct by Zamora.  The trial court stated the reasons for granting a new trial based on that misconduct:  (1) Zamora "was dishonest with his responses during voir dire, offered his personal experience and knowledge based on information outside of the evidence which concerned biomechanics and accident reconstruction, encouraged other jurors to do the same, and disregarded the court[']s instructions," and (2) Zamora's misconduct was prejudicial because the evidence

---

"3.  Accident or surprise, which ordinary prudence could not have guarded against.
"4.  Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.
"5.  Excessive or inadequate damages.
"6.  Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law.
"7.  Error in law, occurring at the trial and excepted to by the party making the application."

"clearly" did not warrant the amount of the jury's award, which award was consistent with the foreperson's misconduct. In support of its prejudice finding, the trial court said, "plaintiff's accounting of the occurrence was implausible, the nature and extent of her injury was grossly overstated, and clearly not supported by the evidence." Accordingly, the abuse of discretion standard of review applies to the trial court's order granting defendant's new trial motion. (*Oakland Raiders, supra,* 41 Cal.4th at p. 636.)

B.       *Admissibility of Jacobs's Declaration*

Plaintiff contends that the trial court erred in considering Jacobs's declaration "because the evidence it purported to contain was wholly inadmissible." Because plaintiff failed to obtain rulings on her objections to Jacobs's declaration, she has forfeited review of this contention.

"[A] party objecting to the admission of evidence must press for an actual ruling or the point is not preserved for appeal." (*People v. Hayes* (1990) 52 Cal.3d 577, 619; 3 Witkin, Cal. Evidence (4th ed. 2000) Presentation at Trial, § 389, p. 482 [If a trial court, through inadvertence or neglect, fails to rule on an objection to evidence, "the party who objected must make some effort to have the court actually rule. If the point is not pressed and is forgotten, the party may be deemed to have waived or abandoned it, just as if he or she had failed to make the objection in the first place"].) The trial court did not rule on any of plaintiff's objections to Jacobs's declaration. Plaintiff did not press for a ruling by the trial court. Accordingly, plaintiff has forfeited review of this contention.

C.       *The Trial Court Did Not Abuse Its Discretion in Granting Defendant's New Trial Motion*

Plaintiff contends that Jacobs's declaration did not contain allegations sufficient to establish juror misconduct or prejudice and that Zamora's declaration was sufficient to

9

defeat defendant's new trial motion.[9]  Because plaintiff failed to designate the reporter's transcript of the trial or the hearing on defendant's new trial motion, plaintiff has provided an inadequate record on appeal.  Even assuming that the record on appeal is adequate, based on the record before us, the trial court did not abuse its discretion in finding that Jacobs's declaration established misconduct and that the record demonstrated prejudice.

1.      Inadequate record

We never presume error, an appellant affirmatively must show error by an adequate record.  (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447, citing *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296, *In re Kathy P.* (1979) 25 Cal.3d 91, 102, and *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448.)  Plaintiff appeals from the trial court's order granting defendant's new trial motion based on jury misconduct.  Plaintiff did not designate the reporter's transcript of the hearing on the new trial motion as part of the record on appeal.[10]  In its minute order granting defendant's new trial motion, the trial court relied on evidence adduced at trial to rule that defendant was prejudiced by the jury misconduct.  Plaintiff did not designate the reporter's transcript of the trial as part of the record on appeal.  Accordingly, appellant has failed to provide an adequate record on appeal.  (*Vo v. Las Virgenes Municipal Water Dist., supra,* 79 Cal.App.4th at p. 447.)

---

**9**      Notwithstanding the trial court's express statement to the contrary in its ruling on plaintiff's motion for reconsideration, plaintiff suggests that the trial court did not read and consider Zamora's declaration before ruling on defendant's new trial motion.  As noted above, plaintiff did not designate the reporter's transcript of the hearing on defendant's new trial motion as part of the record on appeal, and she does not provide a compelling reason to reject the trial court's express statement that it read and considered Zamora's declaration in determining defendant's new trial motion.

**10**      Part of the alleged jury misconduct concerned an answer by Zamora in jury voir dire.  As stated in footnote 3 above, the reporter's transcript of the jury voir dire is not a part of the record on appeal.  Apparently the parties stipulated to use a certified shorthand reporter during trial, but the reporter was not used during jury voir dire.

2.     Merits

Even if we assume that the record on appeal is adequate to consider plaintiff's contention that the trial court erred in granting defendant's new trial motion, the record before us demonstrates that the trial court did not abuse its discretion in granting the motion.

a.     Misconduct

In ruling on a new trial motion based on declarations and counter-declarations, it is for the trial court to "assess credibility, and determine the facts.  '"When an issue is tried on affidavits . . . and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed."' (*Weathers v. Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 108.)"  (*Fredrics v. Paige* (1994) 29 Cal.App.4th 1642, 1647; *City of Pleasant Hill v. First Baptist Church* (1969) 1 Cal.App.3d 384, 429 (*City of Pleasant Hill*) ["The question of the weight and sufficiency of the affidavits and the credence to be given them was for the trial court"].)

"Jurors' views of the evidence . . . are necessarily informed by their life experiences, including their education and professional work.  A juror, however, should not discuss an opinion explicitly based on specialized information obtained from outside sources.  Such injection of external information in the form of a juror's own claim to expertise or specialized knowledge of a matter at issue is misconduct."  (*In re Malone* (1996) 12 Cal.4th 935, 963; *Jones v. Sieve* (1988) 203 Cal.App.3d 359, 366-367 [a juror commits misconduct by communicating to other jurors her personal experience concerning a "pivotal issue" in the action]; *People v. Williams* (2006) 40 Cal.4th 287, 333 ["It is misconduct for a juror to consider material [citation] extraneous to the record. [Citations.].")  "A fine line exists between using one's background in analyzing the evidence, which is appropriate, even inevitable, and injecting 'an opinion explicitly based on specialized information obtained from outside sources,' which we have described as misconduct.  [Citation.]"  (*People v. Steele* (2002) 27 Cal.4th 1230, 1266.)

11

In her declaration, Jacobs said that Zamora dismissed the testimony of defendant's biomechanical engineer when the jury discussed whether plaintiff's shoulder injury was caused by the minor impact accident in this case. She reported that Zamora told the jury about his personal experience in the aircraft industry and his work with engineers. Zamora said that he had seen many accidents, had "set up systems for safety," and had knowledge of physics. According to Jacobs, Zamora told the other jurors that, based on his personal experience, defendant's expert did not know what he was talking about and they should "believe his experience" over the expert's testimony. In his declaration, Zamora denied all of Jacobs's contentions on this issue except for his purported claim to have worked in the aircraft industry. The trial court found, in part, that Zamora "offered his personal experience and knowledge based on information outside of the evidence which concerned biomechanics and accident reconstruction." Thus, the trial court resolved the conflict between Jacobs's and Zamora's declarations in favor of Jacobs's declaration. We will not disturb the trial court's determination of controverted facts. (*Weathers v. Kaiser Foundation Hospitals, supra,* 5 Cal.3d at p. 108; *Fredrics v. Paige, supra,* 29 Cal.App.4th at p. 1647; *City of Pleasant Hill, supra,* 1 Cal.App.3d at p. 429.) Based on its findings of fact, the trial court did not abuse its discretion in ruling that Zamora engaged in misconduct when he "offered his personal experience and knowledge based on information outside of the evidence" because in doing so, Zamora improperly injected "external information in the form of [his] own claim to expertise or specialized knowledge of a matter at issue." (*In re Malone, supra,* 12 Cal.4th at p. 963; *Jones v. Sieve, supra,* 203 Cal.App.3d at p. 366-367; *People v. Williams, supra,* 40 Cal.4th at p. 333.)

### b. Prejudice

"'A showing of misconduct creates a presumption of prejudice.' [Citation.] This presumption may be rebutted by "'an affirmative evidentiary showing that prejudice does not exist'" based upon a consideration of such factors as "'the strength of the evidence that misconduct occurred, the nature and seriousness of the misconduct, and the

probability that actual prejudice may have ensued." [Citation.]' [Citation.] However, as already noted, the Supreme Court has made clear that on review of an order granting a new trial, the standard of review with respect to prejudice is abuse of discretion. [Citation.] Further, '[s]ince the trial judge had all the evidence before him on the merits of the case, and as well the . . . affidavits, he was in the best position to evaluate the prejudicial effect of the alleged misconduct.' [Citation.]" (*Whitlock v. Foster Wheeler, LLC* (2008) 160 Cal.App.4th 149, 162 [affirming grant of new trial motion]; *Iwekaogwu v. City of Los Angeles* (1999) 75 Cal.App.4th 803, 818 ["While a presumption of prejudice arises when there has been any juror misconduct, the presumption may be rebutted by evidence that no prejudice resulted"].)

Plaintiff contends that defendant's motion for new trial did not show "bias on the part of Zamora" and that Jacobs's declaration did not establish, and no other evidence reflected, that "*any* of the jurors' comments during deliberations or any other phase of the trial reflected a preconceived bias or prejudice concealed in *voir dire* to [*sic*] that necessitated a new trial." Plaintiff's contentions are misplaced. The juror misconduct at issue concerned Zamora's introduction of evidence into jury deliberations that was outside of the trial record. It has nothing to do with concealed biases.

Plaintiff also contends that neither defendant nor the trial court "attempted to establish that any of the alleged juror misconduct was so prejudicial as to require a new trial." Plaintiff's contention is unavailing. First, there is a rebuttable presumption that juror misconduct is prejudicial. Under that presumption, plaintiff had to show that Zamora's misconduct was not prejudicial; defendant did not have to prove that it was. Plaintiff did not rebut the presumption. Second, after noting the presumption of prejudice, the trial court reviewed the evidence adduced at trial in over three single spaced pages in its minute order granting a new trial and explained that the amount of the jury's verdict clearly was not warranted by the evidence and was consistent with Zamora's misconduct. Thus, the jury's apparent excessive verdict, given the evidence, demonstrated prejudice. Accordingly, the trial court did not abuse its discretion in finding prejudice. (*Whitlock v. Foster Wheeler, LLC, supra,* 160 Cal.App.4th at p. 162.)

13

*D.*     *Defendant's "No-Knowledge" Affidavit*

Plaintiff argues that the trial court should have summarily denied defendant's new trial motion because defendant filed beyond the jurisdictional 10-day time limit in section 659a a required affidavit stating that he did not know of the jurors' misconduct until after the trial.  The trial court did not err.

A notice of intention to move for a new trial must be filed not later than the earlier of 15 days after the clerk of the Superior Court mails notice of entry of judgment or a party serves written notice of entry of judgment and 180 days after entry of judgment. (§ 659, subd. (a)(1) & (2).)  A trial court's power to rule on a new trial motion expires the earlier of 60 days after the clerk of the Superior Court mails notice of entry of judgment or a party serves written notice of entry of judgment, or if such notice has not been given, 60 days after the notice of intention to move for a new trial was filed.  (§ 660.)  The statutory time limits for filing notice of an intention to move for a new trial and for ruling on a new trial motion are jurisdictional.  (*Tri–County Elevator Co. v. Superior Court* (1982) 135 Cal.App.3d 271, 277 [section 659 time limit for filing notice of intention to move for a new trial is jurisdictional]; *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 500 [section 660 time limit for ruling on a new trial motion is jurisdictional].)

A litigant moving for a new trial based on jury misconduct must file affidavits stating that the party and his attorney did not know of the misconduct until after the jury rendered its verdict ("no-knowledge" affidavits).  (*Weathers v. Kaiser Foundation Hospitals, supra,* 5 Cal.3d at p. 103.)  Under section 659a,[11] such affidavits must be filed and served on other parties within 10 days of the filing of the notice of intention to move

---

**11**     Section 659a provides, "Within 10 days of filing the notice, the moving party shall serve upon all other parties and file any affidavits intended to be used upon such motion. Such other parties shall have ten days after such service within which to serve upon the moving party and file counter-affidavits.  The time herein specified may, for good cause shown by affidavit or by written stipulation of the parties, be extended by any judge for an additional period of not exceeding 20 days."

14

for a new trial. The 10-day period may be extended by an additional 20-day period on a showing of good cause or by stipulation of the parties. (*Ibid.*) Counter-affidavits must be filed and served within 10 days after service of the moving party's affidavits. (*Ibid.*) "[T]he time limits for filing the affidavits in support of a new trial motion are not jurisdictional . . . ." (*Wiley v. Southern Pacific Transportation Co.* (1990) 220 Cal.App.3d 177, 188; *Fredrics v. Paige, supra,* 29 Cal.App.4th at p. 1648 ["10-day period is not jurisdictional"].)

On August 24, 2012,[12] defendant filed his notice of intention to move for a new trial and a declaration by his attorney stating that the attorney did not know of the jury misconduct alleged in Jacobs's declaration until after the jury's verdict. In her opposition to defendant's new trial motion, filed on September 24, 2012, plaintiff argued that the trial court should deny the motion because defendant failed to file a declaration stating that he (defendant) did not know of the jury misconduct alleged in Jacobs's declaration until after the jury's verdict. Defendant filed his own "no-knowledge" declaration on September 27, 2012, four days beyond the 30-day maximum period for filing affidavits under section 659a—i.e., the initial 10-day filing period plus the additional 20-day period for good cause or by stipulation. Plaintiff filed Zamora's declaration on October 11, 2012, 17 days after plaintiff's affidavits were due.[13] The hearing on defendant's new trial motion was on October 12, 2012. The trial court apparently considered defendant's delinquent "no-knowledge" declaration and expressly considered Zamora's delinquent declaration. The trial court did not err in considering defendant's "no-knowledge" declaration because section 659a's time limits for filing affidavits are not jurisdictional

---

**12** The notice of intention to move for a new trial in the record on appeal does not have a "Filed" stamp from the Superior Court. The Register of Actions reflects that the notice was filed on August 24, 2012.

**13** In connection with granting plaintiff's request to unseal the jurors' identifying information, the trial court retroactively granted plaintiff a 20-day extension under section 659a. Under that extension, plaintiff's affidavits were due on September 24, 2012.

15

(*Wiley v. Southern Pacific Transportation Co., supra,* 220 Cal.App.3d at p. 188; *Fredrics v. Paige, supra,* 29 Cal.App.4th at p. 1648), and defendant filed his "no-knowledge" declaration within section 660's jurisdictional time limit for the trial court to decide defendant's new trial motion (*Dakota Payphone, LLC v. Alcaraz, supra,* 192 Cal.App.4th at p. 500).

**DISPOSITION**

The order granting defendant's new trial motion is affirmed.  Defendant is awarded his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, J.


We concur:


TURNER, P. J.


MINK, J.*

---

\*  Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16